## CLOSE v. UNITED STATES.
### No. 6450.

United States Court of Appeals
Fourth Circuit.

Argued July 2, 1952.

Decided July 18, 1952.

Writ of Certiorari Denied Nov. 10, 1952.

See 73 S.Ct. 175.

John Y. Jordan, Jr., Asheville, N. C., for appellant.

Bernard J. Flynn, U. S. Atty., Baltimore, Md., for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and HAYES, District Judge.

PARKER, Chief Judge.

█ This is an appeal from the denial of a motion under 28 U.S.C.A. § 2255 to vacate a judgment and sentence of imprisonment imposed upon defendant on conviction of bank robbery. Appellant was indicted with two other persons, entered a plea of not guilty and was tried with his co-defendants before a jury that convicted all of them. He was represented by a competent and reputable attorney of his own choosing and employment who represented also his co-defendants. No suggestion was made of any conflict of interest between any of the defendants, none of them took the witness stand, no appeal was taken from the conviction and no dissatisfaction with the trial or with the representation by counsel was expressed until after the Supreme Court's decision in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, when appellant, who is imprisoned in Alcatraz prison in California, filed motion in the court below asking that the judgment and sentence in his case be vacated. He complained then for the first time of the fact that counsel who represented him and who had since died, had represented also his co-defendants, who had made statements confessing their guilt, and asked that he be brought from Alcatraz to Baltimore to testify on the hearing of the motion. We think that both the motion and the request were properly denied.

While the appellant alleges that he protested against the attorney who represented him appearing for his co-defendants, he does not allege that he made any such objection to the court or any objection of which the court had knowledge. On the contrary, it appears that he not only made no objection to representation by the attorney, but when asked why sentence should not be pronounced on him, made no complaint of the representation that he had received. The judge below in passing on the motion had the stenographer's notes of the trial read to him and found the facts fully. With respect to the matter here under consideration he said:

"I have refreshed my recollection as to some of the details of the trial by having the official court stenographer re-read relevant portions of the transcript of evidence. No one of the defendants testified on his own behalf and no witnesses were called on behalf of the defendants. Both the United States Attorney and the attorney for the defendants waived their arguments to the jury. The court charged the jury at some length particularly stressing the importance of consideration by the jury as to the sufficiency of evidence of identification of the defendants respectively by witnesses. No exception was taken to the charge. * * *

"With respect to the statements made by Bernett and Mann as evidence in the case, the official stenographer's minutes, as read to me by him yesterday, show that when the statements were offered by the Government Mr. Mules, as counsel, objected to their introduction and then, out of the presence of the jury, the witnesses who had taken the statements from Bernett and Mann respectively, were instructed not to mention the name of the third defendant, Close, in their oral repetition of the statements made to them respectively; and no written statements were in fact offered in evidence. There was, however, clear and convincing oral evidence of other witnesses that Close was an active participant in the robberies."

And we think it equally clear that appellant's request that he be produced to testify at the hearing was properly denied. It is unthinkable that the law should require that, in a case as barren of merit as this, persons duly convicted of crime should have the right to have themselves transported about over the country at the expense of the government by merely filing an affidavit to the effect that the attorney whom they had employed to represent them was disqualified because he represented other de-

fendants. When parties employ and pay counsel, the court must assume that the representation is satisfactory; and to raise a substantial issue which would justify the court in having the prisoner produced to testify at a hearing, more is required than the mere affidavit of the prisoner as to his conversation with counsel.

There is nothing to the contrary in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 274. In that case, the production of the prisoner was required 'because it was thought that there were substantial issues of fact upon which it was necessary that his evidence be taken; but the court was at pains to point out that the prisoner should not be automatically produced in every Section 2255 proceeding. The court said:

"The existence of power to produce the prisoner does not, of course, mean that he should be automatically produced in every Section 2255 proceeding. This is in accord with procedure in habeas corpus actions. Unlike the criminal trial where the guilt of the defendant is in issue and his presence is required by the Sixth Amendment, a proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction. Whether the prisoner should be produced depends upon the issues raised by the particular case."

In Crowe v. United States, 4 Cir., 175 F. 2d 799, 801, this court laid down the rule applicable in the following language:

"Crowe complains because his production in court was not ordered; but the section under which the motion was made expressly provides: 'A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.' * * * Only in very rare cases, we think, will it be found necessary for a court to order a prisoner produced for a hearing under 28 U.S.C.A. § 2255. Certainly, whether or not the court should require him to be brought into court for the hearing is a matter resting in the court's discretion. Production of the prisoner should not be ordered merely because he asks it, but only in those cases where the court is of opinion that his presence will aid the court in arriving at the truth of the matter involved."

Argument is made that section 2255 is unconstitutional; but we entertain no doubt as to the constitutionality of the section. It was enacted to provide means whereby questions as to the validity of a judgment and sentence of imprisonment could be raised and determined by motion in the sentencing court, and there is nothing in the Constitution which forbids Congress to provide such a remedy, which is but an extension of the remedy already existing in the writ of error coram nobis. We think, too, that it was clearly within the power of Congress to provide that applications for habeas corpus should not be entertained where the remedy by motion could be had, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of * * * detention." To require, in the case of federal convictions, the exhaustion of the remedy by motion as a prerequisite to resort to habeas corpus is certainly no more objectionable than to require, in the case of state convictions, the exhaustion of state remedies, and no one, we think, would now question the validity of the latter requirement. The appellant, however, is in no position to raise the constitutional question as to the validity of the statute. If the statute were unconstitutional, it would result not that his motion made under the statute should be allowed but that it should be dismissed.

For the reasons stated, the order denying appellant's motion will be affirmed.

Affirmed.