**Joseph STERN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6880.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 5, 1955.

Decided Feb. 2, 1955.

**264**

David P. Siegel, New York City (Paul J. Reed, Jr., Baltimore, Md., on brief), for appellant.

William F. Mosner, Asst. U. S. Atty., Baltimore, Md. (George Cochran Doub, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Joseph Stern was tried in the United States District Court for the District of Maryland under an indictment charging him in sixteen counts with the transportation in interstate commerce of stolen motor vehicles with knowledge that these vehicles had been stolen. The jury found him guilty under counts 1, 2, 6, 7, 8, 10, 11, 12, 13, 14, 15 and 16, and not guilty under counts 3, 4, 5 and 9. District Judge Chesnut thereupon, on September 26, 1952, sentenced appellant to imprisonment for five years on the first count and five years on the second count to run consecutively and one year on each of

the remaining ten counts to run concurrently with the first. A fine of $5,000.00 on the first count and $5,000.00 on the second, to be cumulative, and one dollar on the remaining ten counts to be concurrent with the first was also imposed.

On March 9, 1954, eighteen months after judgment, Stern filed a motion to vacate the judgment and for additional relief on the grounds that he had not had a fair trial and that newly discovered evidence warranted a new trial. Hearings on the motion were had before the District Court on April 2, April 29, April 30, and July 13, 1954. On August 3, 1954, Judge Chesnut rendered his opinion, 123 F.Supp. 118, overruling appellant's request for relief in the interests of justice, 28 U.S.C.A., § 2255, overruling defendant's request for a new trial Rule 33, Federal Rules of Criminal Procedure, 18 U.S.C.A., and concluding he was without power to modify or suspend the original sentence. Rule 35, Federal Rules of Criminal Procedure; 18 U.S.C.A. § 3651. From the denial of his motion, Stern has appealed to us.

All of the points raised in Stern's appeal were adequately covered in the extensive opinion filed by Judge Chesnut. So we can discuss them quite briefly.

■ The only basis for Stern's motion for a new trial is newly discovered evidence. This alleged evidence was not newly discovered, it was known to Stern at the time of his trial. Nor could it be said that, if introduced, it would probably have produced an acquittal. See United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; Meyers v. United States, 4 Cir., 207 F.2d 413; United States v. Frankfeld, D.C., 111 F.Supp. 919, 922.

■■ Judge Chesnut properly found no merit in Stern's contention that Mr. Murrell, his counsel, failed to represent him adequately and really represented Vigorito. Mr. Murrell's testimony adequately refuted this charge. See, Close v. United States, 4 Cir., 198 F.2d 144; Alred v. United States, 4 Cir., 177 F.2d 193; Crowe v. United States, 4 Cir., 175 F.2d 799. The record, too, amply supports Judge Chesnut's finding: "I find nothing that would tend to indicate any unfairness in the prosecution of the case by the United States Attorney."

■ Nor can we sustain Stern's charge that he testified under duress by virtue of threats made against Stern by Vigorito. Stern was free to disclose to his counsel his relations with Vigorito but failed utterly to do so. Stern was not afraid to testify against Vigorito at Vigorito's trial in New York. Adequate means for the protection of Stern against Vigorito were readily available, yet Stern made no effort to avail himself of these means. If Stern voluntarily elected to give perjured testimony at his own trial, he must now accept the results of his own decision.

■ Stern cannot now complain of the separation of the jury before the verdict. No complaint or objection was made at the time. No timely motion for new trial was made on this ground and it seems that Stern consented to the separation. No mention was made of this in Stern's motion in the District Court. See, Bratcher v. United States, 4 Cir., 149 F.2d 742; Luke v. United States, 5 Cir., 84 F.2d 711.

■ We concur in Judge Chesnut's holding [123 F.Supp. 125]:

"As to suggestion of counsel for the defendant that the sentence be now modified so that the second five-year term be made concurrent with the first five-year term, I do not think the court has the power to make this change at this time as in effect it would be a reduction in the sentence contrary to rule 35."

This question was discussed by us at some length in the case of Mann v. United States, 4 Cir., 218 F.2d 936, and we see no occasion for adding here to what was said there.

■ Judge Chesnut listened patiently for four days to testimony on Stern's motion. The record amply supports Judge Chesnut's finding:

"I am satisfied that the defendant had a perfectly fair trial here and that there was ample evidence before the jury tending to prove his guilt upon all counts of which he was found guilty."

The judgment of the District Court is affirmed.

Affirmed.