Roy L. MANN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6908.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 5, 1955.

Decided Feb. 7, 1955.

Roy L. Mann, pro se.

William F. Mosner, Asst. U. S. Atty., Baltimore, Md. (George Cochran Doub, U. S. Atty., and James H. Langrall, Asst. U. S. Atty., Baltimore, Md., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Roy L. Mann, with two others, was tried in the United States District Court for the District of Maryland under an indictment containing seven counts. The first three counts charged in substance the robbery of the Occidental Federal Savings and Loan Association. The fourth, fifth and sixth counts charged robbery of a branch office of the Union Trust Company of Maryland. Some of the counts in each of the first and second

groups charged in appropriate language the theft or robbery under circumstances commonly referred to as "armed robbery." The seventh count charged the interstate transportation from Baltimore, Maryland, into Virginia, of about $30-000.00 theretofore stolen from the branch office of the Union Trust Company.

Mann was found guilty by the jury of all the charges. The District Court, on June 3, 1949, thereupon imposed upon Mann the following sentence:

15 years and a fine of $5,000 on Counts 1, 2 and 3, as a group;

20 years and a fine of $1,000 on Counts 4, 5 and 6, as a group, the terms of imprisonment to run consecutively, the fines to be cumulative;

5 years and a fine of $1.00 on Count 7, the sentence on Count 7 as to imprisonment to run concurrently with sentence imposed on Counts 1, 2 and 3; the defendant to pay the costs of the case.

Mann began at once the service of the sentences. There was no motion for a new trial and no appeal was taken from the judgment. Mann has heretofore filed three motions to vacate the sentence. The opinion denying the motion may be found in United States v. Bernett, D.C., 92 F.Supp. 26, affirmed 4 Cir., 183 F.2d 1024. A second motion to vacate the sentence filed by Mann on August 18, 1952, was denied and apparently no appeal was taken. On October 23, 1953, he filed a third motion to vacate the sentence which was also denied. The District Judge overruled this motion without prejudice and Mann has appealed to us.

As the District Judge stated:

"Mann's present motion or petition is not to vacate the sentence but to modify it by now suspending that portion of the sentence which prescribed the term of imprisonment for 20 years for the second armed robbery, consecutive to the 15 year term imposed for the first armed robbery. This motion is made 5 years subsequent to the imposition of sentence and during the time of service of the sentence of 15 years for the first offense. Under the applicable statute with respect to release of prisoners on parole, Mann would be eligible for release on parole at the expiration of one-third of the combined sentence of 35 years, that is in 1961. One apparent purpose of the present motion seems to be a shortening of time when the defendant will be eligible for parole to one-third of the 15 year sentence."

We quote the Probation Statute:

United States Code, Title 18, Section 3651. *"Suspension of sentence and probation*

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States, except in the District of Columbia, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

"Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

"The court may revoke or modify any condition of probation, or may change the period of probation.

"The period of probation, together with any extension thereof, shall not exceed five years.

"While on probation and among the conditions thereof, the defendant—

"May be required to pay a fine in one or several sums; and

"May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and

"May be required to provide for the support of any persons, for whose support he is legally responsible.

"The defendant's liability for any fine or other punishment imposed as to which probation is granted, shall be fully discharged by the fulfillment of the terms and conditions of probation."

District Judge Chesnut filed an elaborate opinion in which he stated:

"I have very serious doubt whether after the imposition of the sentence in this case and prior to the beginning of the consecutive term, the court has power under the Probation Act to grant a modification of the sentence by suspending the consecutive term."

Judge Chesnut, in his opinion, also stated:

"If we assume that, despite the conflict of decisions of the two Circuit Courts of Appeals, the power does exist to presently suspend the second portion of the sentence of imprisonment in this case, there still remains the question whether under the provisions of the probation statute the discretion to do so should be exercised in this case at the present time. On that point I have no present difficulty. The evidence shows that the bank robberies were clearly premeditated in both instances, and particularly the second robbery for which the 20 year sentence was imposed was a very aggravated one in the way in which it was carried out. No testimony was offered on behalf of any of the defendants, and when an opportunity was given them to speak before the imposition of sentence, no one of them had anything

to say. Shortly before the conclusion of the trial and during the luncheon recess of the court the three defendants, while in the custody of the Marshal in this Court House Building, made what was evidently a planned violent and forcible attack on a deputy marshal in a nearly successful attempt to escape from custody, which was only prevented by the vigilance and courageous action of the Marshal and other deputies. The evidence as to this was not submitted to the jury and so far as I know was in no way known to any of the jurors until after their verdict had been rendered. And, as previously noted, several separate motions have been made of the defendants respectively for a vacation of their sentence, which had been denied.

"At the time of rendering the sentence there was no request on behalf of any of the defendants or of their counsel for release upon probation, nor would it have been entertained or granted by the court at the time if it had been made. The only equitable consideration which is offered by the present petitioner, Mann, for suspension of the 20 year consecutive sentence is his statement that he has been an exemplary prisoner during the five years of his present service. The nature and circumstances of the offense as revealed in the evidence at the trial five years ago, still comparatively fresh in memory which has been from time to time renewed in considering the several motions to vacate the sentence, satisfy me that in the public interest the court would not now be justified in suspending the consecutive term of the sentence."

It is clear that if the District Judge is right on either of these two points, the judgment below must be affirmed. We think he was correct on both points.

■■ If we assume that the District Judge possessed the power in question, its exercise under the Probation Statute

is vested in his sound discretion. And his refusal to suspend the sentence in question is not reviewable on appeal except for arbitrary or capricious action on his part amounting to a clear abuse of discretion. Humes v. United States. 10 Cir., 186 F.2d 875; United States v. Borgis, 7 Cir., 182 F.2d 274, 277; Birnbaum v. United States, 4 Cir., 107 F.2d 885, 126 A.L.R. 1207. We think the record clearly discloses that there was here no abuse of this discretion.

■ Though, as we have indicated, our holding above is sufficient to affirm the judgment below, the question of the power here is of such importance that we feel compelled to discuss this question, on which two United States Courts of Appeals have reached divergent conclusions. In Kirk v. United States, 9 Cir., 185 F.2d 185, opinion by District Judge Lemmon, the power was upheld. In Phillips v. United States, 8 Cir., 212 F.2d 327, the power was denied in an opinion by Circuit Judge Sanborn, with Circuit Judge Collet dissenting. As did Judge Chesnut, we prefer the opinion of Circuit Judge Sanborn in the Phillips case. The question is so elaborately discussed in the opinions of Judge Sanborn and Judge Chesnut that we think it is necessary to add little to what is there said.

■ It seems clear that had Judge Chesnut imposed one general sentence, valid as to all counts, and the defendant had begun this sentence (at least after the expiration of 60 days from the sentence), the power in question would not exist. Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.; United States v. Murray, 275 U.S. 347. 48 S.Ct. 146, 72 L.Ed. 309. The power does exist, before the defendant enters upon the sentence in question, where the sentence imposed becomes effective only upon the expiration of a prior sentence of the same defendant imposed by another court. Kelley v. United States, 10 Cir., 209 F.2d 638. The intermediate case, before us, is where the defendant has entered upon a sentence of one count, and the court is asked to suspend the sentence under another count of the same indictment, and the defendant has not begun the service of this second sentence.

As Judge Chesnut aptly points out:

"When a district judge imposes sentence on an indictment containing several counts it is optional whether the sentence be one general sentence to cover all the counts of the indictment or the total sentence is apportioned to the several counts of the indictment. If the sentence imposed does not exceed the aggregate of sentences authorized for the several counts of the indictment cumulatively, the general sentence is good; but in this Circuit it has long been considered the better practice to apportion the sentence between the several counts, so that in the event of appeal, if the evidence is found not to justify the sentence on one or more of the counts, the case generally can be finally disposed of on appeal by affirmance of that portion of the sentence apportioned to the good count, and a reversal as to the other part of the sentence not sustained by the evidence. Neely v. United States, 4 Cir., 2 F.2d 849."

As pointed out by Judge Sanborn in the Phillips case, supra, the "good time" statute, 18 U.S.C. § 4161, treats consecutive sentences as a single sentence for the purposes of the good time allowance; and we see no reason why they should not be so treated for the purposes of the probation statute. After the prisoner has been delivered to the executive branch of the government for the infliction of the punishment which the court has imposed, any change in the punishment should rest with the executive department and not with the courts, as it would manifestly be confusing and disruptive of prison discipline to allow both the courts and the executive department to deal with punishment thereafter. Consecutive sentences could lawfully have been combined in a single sentence by the court imposing them; they must be treated as a single sentence by the prison authorities in administering the parole and "good time" statutes; they

should not provide a means for the court to interfere with the administration of punishment under those statutes after it has begun by admitting to probation, particularly in view of the fact that probation statute allows probation only "upon entering a judgment of conviction."

██ True it is that the Probation Statute is a humanitarian piece of legislation and should, accordingly, be liberally interpreted by the courts. But, to quote Judge Chesnut again:

"When a district judge imposes a sentence in a criminal case it represents his judgment after hearing the whole of the case in court and with such help as in particular instances he may obtain from a report of the Probation Officer. After sentence is imposed and after the defendant begins the service of his sentence he is in the custody of the Attorney General of the United States in accordance with the applicable statutes, which include particularly title 18, § 4201 et seq., giving power to the United States Board of Parole to parole the prisoner after the expiration of one-third of the sentence. The district judge has little or no opportunity to learn the conduct and behavior of the prisoner after he begins service of the sentence. On the other hand, the Parole Board does have this opportunity and is much better able to determine whether, upon the expiration of one-third of the sentence, it is consistent with the public interest to release the prisoner from confinement on parole. And in the case of a comparatively long sentence it is quite possible if the court has the power to suspend part of the sentence at any time during the primary sentence and before the beginning of the consecutive sentence, that the application for the suspension would have to be submitted to a judge other than the trial judge in the particular case who would naturally be much more familiar with the case than another judge who is called upon to act in the matter many years later."

And, in addition to the powers of the courts under this statute, there is also the power of the Executive Department by way of commutation of sentence or even pardon. Cf. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; United States v. Murray, 275 U.S. 347, 356, 48 S.Ct. 146, 72 L.Ed. 309.

The Supreme Court seems never to have passed directly on the question before us. Certiorari was denied in the Phillips case on the ground that the application therefor was untimely. Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282, is not in point. There the defendant pleaded guilty to *three separate indictments*. It was held that the District Court might impose a sentence of fine and imprisonment upon one indictment, and on each of the others may suspend the imposition of sentence and place the defendant on probation for a definite period to begin upon completion of service of the sentence on the first indictment.

The judgment of the District Court is affirmed.

Affirmed.