**UNITED STATES of America**

v.

**James BERNETT, Roy L. Mann and Carl Close.**

**Crim. No. 21646.**

United States District Court
D. Maryland.

Dec. 5, 1955.

George Cochran Doub, William F. Mosner, and James H. Langrall, Baltimore, Md., for plaintiff.

CHESNUT, District Judge.

In the above case Carl Close, the defendant, has now filed a second petition for vacation of sentence imposed upon him by this court on June 2, 1949. His first petition to vacate the sentence was filed February 11, 1952. It was overruled by this court on February 28, 1952 and an extended opinion of the court was filed with the order. United States v. Bernett, D.C., 103 F.Supp. 39. On appeal to the Court of Appeals of the

**374**

Fourth Circuit the order was affirmed, Close v. United States, 198 F.2d 144, certiorari denied 344 U.S. 879, 73 S.Ct. 175, 97 L.Ed. 681. The nature and some of the incidents of the case will be found in these opinions. The other defendants, Roy L. Mann and James Bernett, have also filed petitions under 28 U.S.C.A. § 2255 to vacate the judgments. These have been denied by the court and the orders affirmed by the Court of Appeals of this Circuit. See United States v. Bernett, D.C.1950, 92 F.Supp. 26; Mann v. United States, 4 Cir., 1950, 183 F.2d 1024; United States v. Bernett, D.C. 1954, 123 F.Supp. 841; Mann v. United States, 4 Cir., 1955, 218 F.2d 936.

The three defendants were indicted on May 17, 1949, in an indictment containing 7 counts involving two separate armed bank robberies, and one count involving violation of the National Stolen Property Act. 18 U.S.C.A. §§ 2311, 2314, 2315. They were represented by counsel of their own selection, Mr. Paul B. Mules, who was at the time probably the leading lawyer in Baltimore City in criminal cases. No direct appeal was taken from the sentence by any of the three defendants.

Title 28, U.S.C.A. § 2255 provides, among other things, that the court is not obliged to entertain a second petition for vacation of sentence by the same defendant. However, the defendant Close now for the first time makes a new contention with regard to the alleged invalidity of the sentence. He says that it was wrong to try him on an indictment charging two or more separate offenses. In this respect he overlooks Rules 8(a) and 14 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which provide:

"Rule 8. * * * (a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

"14. Relief from Prejudicial Joinder. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

The two separate bank robberies were committed by the same three defendants, both in Baltimore City and within about two weeks of each other. The evidence in the case disclosed that the defendants and their respective families, or some of them, took temporary residence for a few days in a motel just outside of Baltimore City, and that after the first bank robbery the defendants and their families, or some of them, proceeded to Florida for about two weeks from which they returned and again stopped at a motel in or near Baltimore, and then held up another bank, in the latter event seizing and carrying away over $30,000 of money. Both were armed robberies and the second particularly was under very aggravated circumstances. Near the conclusion of the trial and during a recess of the court all three made a forcible, and to some extent nearly successful, attempt to escape from the custody of the Marshal. This latter fact, however, was not brought to the attention of the jury before the case was finally submitted and decided by the jury.

Although the defendants were represented by competent and experienced trial counsel, no motion was made prior to or at the time of the trial for a severance as to the defendants or to require the government to elect between the several counts of the indictment. The count other than for armed robbery had relation to the interstate transportation of a substantial part of the money taken from the second bank.

The jury found a verdict of "guilty generally" on all the counts of the indictment. After the verdict and before sentence the defendants were given an opportunity to make any statement they desired but none of them did so and none of them testified in their own behalf at the trial. The sentence imposed was distributed with respect to the several counts of the indictment, being imprisonment for 15 years for those counts relating to the first bank robbery, and 20 years with respect to the counts relating to the second bank robbery, these two sentences to run consecutively, and a sentence of 5 years on the interstate transportation of stolen money, the latter term to run concurrently with the others; or, in other words, an aggregate sentence of 35 years. No appeal was taken from the sentence.

The defendant has submitted a brief on the law in which he quotes the reference to certain decisions, most of which are apparently decisions made many years ago and to the effect that it is improper procedure to join separate felonies in one indictment. However, under modern rules of criminal pleading it has been regarded as proper criminal procedure and practice to join separate offenses in one indictment in many jurisdictions, including this court, even before the enactment of the present Federal Rules of Criminal Procedure effective in 1946. Wherever it can be made to appear to the court in accordance with Rule 14 that such joinder of offenses in one indictment would be unfairly prejudicial to the defendant the court can compel the prosecutor to elect between the several counts of the indictment. No such request or election was made in this case.

The defendant also now contends that the "guilty" verdict of the jury was insufficient in that it should have specified particularly on what counts of the indictment the verdict was based, or, in other words, to have specifically distinguished affirmatively or negatively on the several counts of the indictment. And in this connection it is further contended that because the verdict was a simple comprehensive one of "guilty" the court had no power to impose a sentence on more than one of the several offenses contained in the indictment; and that when the sentence of 15 years was imposed on those counts involving the first bank robbery, the power of the court was exhausted with respect to the sentence.

There is no merit in this contention with respect to criminal procedure. The verdict of "guilty generally" was a verdict of guilty on all the counts of the indictment. The sentence imposed, however, was distributed between the several counts and was not in excess of the authorized punishment for each of the respective bank robberies which, indeed, under the statute might have been so much as 25 years for each. And the sentence imposed for the interstate transportation of stolen money was made concurrent with the sentence imposed for the bank robberies.

It may also be noted that in the instructions to the jury as to the several forms of verdict which they might render, it was stated, in accordance with my general practice in criminal cases where the indictment contains several counts (as I find from a review of the stenographer's transcript of the charge, pages 318 and 319), that the jury should find a verdict separately as to each of the three defendants and should also consider the evidence as to each of the three defendants with respect to each of the several counts of the indictment. In this respect the jury was told:

> "Now, with respect to each of these seven counts the burden of proof is on the Government to establish that to your satisfaction beyond a reasonable doubt with respect to these seven counts, and it is possible as to the seventh count you may find the charge established with respect to Mann but not as to the others. * * *

> "I will say finally that your verdict must be unanimous with respect to each, * * *."

The jury was told that in rendering their verdict the clerk would ask them what was their verdict as to each of the three named defendants and the charge continued:

"When the first name is called, which happens to be Bernett here, if you find him guilty, you have to respond to each count on which you find him guilty or not guilty, and if you find him guilty on all of the counts you just say 'Guilty generally'. Or if you find him guilty on the first six counts and not guilty on the seventh, you would say that, or it might be that you would find some defendant guilty on the third or fourth counts and not guilty on the others.

"The whole matter is entirely with you. A verdict of not guilty as to any defendant means not guilty of any of the seven counts. *A verdict of guilty as to any of the defendants means guilty on all seven counts of the indictment.*" (Italics supplied.)

When the court asked counsel if there were any exceptions to the charge counsel for the defendants said, "None, no, your Honor."

Upon the rendition of the verdict the clerk inquired from the foreman as to what their verdict was as to each of the three defendants separately and the response of the jury in each case was "Guilty generally". The clerk then said: "Members of the jury, harken to your verdict as the Court hath recorded it: Your Foreman saith you find James Bernett guilty generally of the matter whereof he stands indicted, that you find Roy L. Mann guilty generally of the matter whereof he stands indicted, and that you find Carl Close guilty generally of the matter whereof he stands indicted, and so say ye all?" And the jury responded "We do".

As I find the record in the case shows no basis for the present petition for vacating the sentence and as this is the second petition for such relief, the same is hereby *overruled and denied* this 5th day of December, 1955.

The Clerk is instructed to send a copy of this order and memorandum opinion to the defendant Carl Close.