**Carl CLOSE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15346.**

United States Court of Appeals,
Fourth Circuit.

Argued June 9, 1971.

Decided Oct. 20, 1971.

James C. Bonner, Jr., Atlanta, Ga. (Court-assigned counsel), for appellant.

James E. Anderson, Asst. U. S. Atty. (George Beall, U. S. Atty., and Paul M. Rosenberg, Asst. U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, BOREMAN and RUSSELL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

Convicted, along with two co-defendants, in the District Court of Maryland, in 1949, on two charges of armed bank robbery[1] and a third charge of interstate transportation of stolen property,[2] the appellant received sentences of fifteen and twenty years, to be served consecutively, on the two armed bank robbery charges and one of five years on the third charge, to be served concurrently with his sentence on the first armed robbery charge. Subsequent to commencing his sentence, he filed two applications for relief under Section 2255. Both applications were denied by the District Court and such denials were affirmed by this Court.[3] After serving twelve years of his sentences, he was paroled in 1961, but was again involved in 1963 in a number of national bank robberies in three States. Convicted of

these later offenses, he was given aggregate sentences of sixty-five years, which he is now serving.[4] In the meantime the Board of Pardon and Parole has lodged a detainer based on his unserved sentences imposed in 1949. Apparently prompted by the lodging of this detainer, the appellant has filed his third application under Section 2255 for a vacation of the sentences imposed in 1949. The application was denied by the District Court and this appeal followed.

We affirm the denial as it applies to the two sentences for armed bank robbery and reverse with respect to the conviction for interstate transportation of stolen property.

The basis of this third application by the appellant is the admission at trial of the oral confessions of his co-defendants. Neither of the co-defendants took the stand and the appellant had no opportunity to cross-examine them. He contends that, on the authority of Bruton v. United States (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, which is to be applied retroactively, Roberts v. Russell (1968) 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, such admission denied him his constitutional right of confrontation as guaranteed under the Sixth Amendment.

The appellant's two co-defendants had given the Government written confessions. The District Judge did not admit these written confessions on trial. He strictly limited the Government's testimony on this point to an oral summary of the written confessions, omitting any identification of alleged confederates.[5]

---

1. Section 2113, 18 U.S.C.

2. Section 2314, 18 U.S.C.

3. United States v. Bernett (D.C.Md.1952) 103 F.Supp. 89, aff. Close v. United States, 4th Cir., 198 F.2d 144, cert. denied 344 U.S. 879, 73 S.Ct. 175, 97 L. Ed. 681; United States v. Bernett (D.C. Md.1955) 140 F.Supp. 373, aff. Close v. United States, 4th Cir., 232 F.2d 889, cert. den. 351 U.S. 987, 76 S.Ct. 1056, 100 L.Ed. 1501.

4. See, United States v. Close (4th Cir. 1965) 349 F.2d 841, 848, cert. den. 382 U.S. 992, 86 S.Ct. 573, 15 L.Ed.2d 479.

5. This ruling anticipated to a degree the recommendation in Section 2.3 of the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance, that, if the Government wishes to use a confession of a defendant that

The confessions, as admitted, thus did not directly identify the appellant as involved in the robberies or in the interstate transportation of the proceeds. Moreover, the able District Judge emphasized both at the time the oral confessions were admitted and in his charge that the confessions were admissible only against the defendant giving such confessions.

■ Despite the painstaking effort by the District Judge at the trial to guard against any prejudice to the appellant as a result of the admission of the oral confessions, the appellant urges in this proceeding under Section 2255 that the circumstantial evidence in the cause, when coupled with the confessions, was such as to identify the appellant as involved, thereby bringing the case within the interdict of *Bruton*. In considering this argument, the District Court observed that, "No doubt, as the Government admits, it is likely that the jury may have inferred from all the evidence in the case that the two individuals mentioned by Mann in his confession were, in fact, Close (the appellant) and Bernett", but concluded, after an exacting review of the evidence on trial, that "The totality of the evidence concerning both bank robberies was so overwhelming that this Court can with assurance state that Close would have been convicted of each crime beyond any reasonable doubt without the evidence of the statements attributed to Mann and Bernett, which in no way implicated Close by name." The evidence, as fairly summarized in the opinion of the District Court, abundantly supports this conclusion of the District Court, so far as the charges involving the crimes of armed bank robbery, in connection with which consecutive sentences of fifteen and twenty years were imposed, are con-

cerned, and warrants the judgment that "even if admitting the two confessions was error, any such error was harmless. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)."

■ The third offense, charged in the seventh count of the indictment (i. e., interstate transportation of stolen property), in which the concurrent sentence of five years was imposed, however, poses a different problem. The confessions represent a vital part in the proof of this offense. There was no direct evidence, apart from the confessions, of the appellant's involvement. The circumstantial evidence only gave a basis for the charges, as against the appellant, when coupled with the confessions. So much the trial Judge apparently recognized for he hesitated to submit the count and pointedly inquired, prior to submitting the case to the jury, of the District Attorney, "What do you contend is the evidence with respect to that charge (i. e., the count on interstate transportation). I do not recall it for the moment, but my recollection is that it was with relation to a confession or a statement which was attributed to Mann (a co-defendant)." And the District Attorney himself recognized that the confession was an important evidential link in tying the appellant to the crime charged in this count, for he began his reply to the trial Court's inquiry with the statement, "Well, sir, the statement attributed to Mann (i. e., the confession) and there is evidence that there was $31,000 stolen from the Union Trust Company." From this record, it would seem manifest that there was not merely "substantial risk," there was every likelihood, that the jury, just as the trial Judge and the District Attorney did,

implicates his co-defendant, there should be either a severance or all references to the co-defendant "effectively deleted". Cf.,

also, dissenting opinion of Justice Marshall in Nelson v. O'Neil (1971) 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222.

"looked to the incriminating extrajudicial statements in determining * * * guilt" on the part of the appellant on this count. Such a conclusion brings this third sentence within the proscription of *Bruton* nor may such proscription be overlooked as harmless error under the doctrine of *Harrington*.

The able District Judge, from whose judgment this appeal is taken, recognized the difficulty posed by the attack on this concurrent sentence, for he stated, in his opinion, that he overruled the challenge to it with "some hesitation" and did so because he concluded that "no harm to Close resulted" therefrom. It may well be that the appellant can sustain no prejudice from disregarding the error on this count. He has already served more than five years of the anchor sentence. He is a multiple offender, presently serving sentences of sixty-five years and faced with additional sentences of twenty-three years. The likelihood of parole or pardon for him, in connection with the sentences he is now serving or is to serve, must be remote. There is much reason accordingly to conclude that any challenge to this concurrent sentence by him is moot. But in Sibron v. New York (1968) 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917, which, incidentally, also involved a "multiple offender", the Supreme Court declared that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." [6] There is such possible "collateral legal consequences" of

the conviction if "parole or pardon may conceivably be affected thereby." Fuller v. United States (1968) 132 U.S.App.D. C. 264, 407 F.2d 1199, 1233, n. 52, cert. den. 393 U.S. 1120, 89 S.Ct. 999, 22 L. Ed.2d 125. A concurrent sentence may have such "collateral consequences". Benton v. Maryland (1969) 395 U.S. 784, 790–791, 89 S.Ct. 2056, 23 L.Ed.2d 707; United States v. Machibroda (6th Cir. 1964) 338 F.2d 947, 949.[7] To repeat, it is undoubtedly true, as the District Court put it, that there is little likelihood of "harm" to this appellant with his criminal record as a result of this conviction or that this concurrent sentence may prejudice in any substantial way his opportunity for future pardon or parole in the light of his conduct during his prior parole, but, by the same token, there is no legal reason why a concurrent sentence, attached to a longer, valid sentence, and already served, and based on what must fairly be deemed constitutionally impermissible evidence, should be left standing and we direct that it be vacated. See, United States v. Fuller, supra (132 U.S.App.D. C. 264, 407 F.2d p. 1233, n. 52); United States v. Hooper (1970) 139 U.S.App. D.C. 171, 432 F.2d 604, 606.

The judgment of the District Court denying the vacation of the concurrent sentence of five years imposed under the seventh count of the indictment is accordingly reversed, and the denial of the vacation of the sentences on the other counts of the indictment involving the charges of armed bank robberies is affirmed.

Affirmed in part and reversed in part.

6. See, also, Hewett v. North Carolina (4th Cir. 1969) 415 F.2d 1316, 1320, and Wood v. Ross (4th Cir. 1970) 434 F.2d 297, 299, where this rule was followed.

7. Cf., People ex rel. Maurer v. Jackson (1957) 2 N.Y.2d 259, 159 N.Y.S.2d 203,

140 N.E.2d 282, 287, where, speaking of concurrent sentences, the Court said:
"The only reason given for categorizing the concurrent sentence as punishment is that it might adversely affect the prisoner's potential parole."