In re The **UNITED STATES of America,** Petitioner (two cases).

**UNITED STATES of America, Appellant,**

v.

**Bonnie Ann COLE, Appellee.**

**UNITED STATES of America, Appellant,**

v.

**Harold Leon MOTLEY, Sr., Appellee.**

**Nos. 78–1409, 78–5152, 78–1423 and 78–5156.**

United States Court of Appeals, Fourth Circuit.

Argued July 19, 1978.

Decided Nov. 29, 1978.

---

Robert Bruce Amidon, Asst. U. S. Atty., Roanoke, Va. (Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., and William M. Moffet, Third Year Law Student, on brief), for appellant.

George I. Vogel, II, Roanoke, Va. (Wilson, Hawthorne & Vogel, Roanoke, Va., on brief), for appellee in Nos. 78–1409 and 78–5152.

Cynthia D. Kinser, Jonesville, Va. (Montgomery, Sanderson & Kinser, Jonesville, Va., on brief), for appellee in Nos. 78–5156 and 78–1423.

Before BUTZNER, RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

The United States, by direct appeals and by petitions for mandamus or prohibition, asks this court to prevent the district court from modifying the prison sentences of Bonnie Ann Cole and Harold Leon Mot-

ley, Sr. Because both cases deal with the power of a district judge to reduce a sentence after the expiration of 120 days after sentencing, F.R.Cr.P. 35,[1] they were consolidated for oral argument and decision. For the reasons stated below, we hold that the district court acted beyond its jurisdiction in both cases. Prohibition being an appropriate remedy where the trial court has acted without jurisdiction, the appeals are dismissed as moot. *United States v. Mehrtens,* 494 F.2d 1172, 1174 (5th Cir. 1974); *United States v. Norton,* 539 F.2d 1082 (5th Cir. 1976).

## I

### HAROLD L. MOTLEY, SR.

■ On September 2, 1976, in case No. 76–21–C(R), Motley pleaded guilty to one count of bank robbery of the First Virginia Bank of the Southwest under 18 U.S.C. § 2113(a), and was sentenced to twelve years' imprisonment. On September 20, 1976, in No. 76–31–C(R), he pleaded guilty to one count of bank robbery of the Mountain Trust Bank, and was sentenced to ten years' imprisonment to run consecutively to the twelve year term imposed in No. 76–21–C(R).

On December 15, 1976, Motley, by letter to the judge, requested a reduction of his sentence, which the court treated as a motion for reduction of sentence. On December 23, 1976, his attorney filed a formal motion for reduction of sentence in both cases and requested that the ten year sentence in No. 76–31–C(R) be made to run concurrently with the twelve year sentence in No. 76–21–C(R). In response to these motions, on January 7, 1977, the court ordered that five years of Motley's ten year sentence run concurrently with the twelve year term. No exception is taken to the order of January 7th.

On March 8, 1977, Motley wrote another letter to the court requesting further reduction or modification of his sentence in both cases. The United States opposed this motion as untimely filed under Rule 35 of the Federal Rules of Criminal Procedure. The court denied Motley's motion on April 5, 1977.

On March 14, 1978, the court denied a pending petition of Motley under 28 U.S.C. § 2255 which charged that the sentences he received were a result of ineffective assistance of counsel.

Then, on March 23, 1978, the court entered an order in No. 76–31–C(R) which made the entire sentence in No. 76–31–C(R) (the 10 year sentence) run concurrently with No. 76–21–C(R) (the 12 year sentence). The government challenges this action of the court as without jurisdiction.

One issue in the case is whether the district court's order was a reduction of sentence and is therefore governed by Rule 35. That question was resolved in this circuit in *Stern v. United States,* 219 F.2d 263 (4th Cir. 1955):

"We concur in Judge Chestnut's holding [123 F.Supp. 125]:

'As to the suggestion of counsel for the defendant that the sentence be now modified so that the second five-year term be made concurrent with the first five-year term, I do not think the court has the power to make this change at this time [18 months after judgment] as in effect it would be a reduction in the sentence contrary to rule 35.'

This question was discussed by us at some length in the case of *Mann v. United States,* 4 Cir., 218 F.2d 936, and we see no occasion for adding here to what was said there."

In *Mann,* the defendant was sentenced to fifteen years under counts 1, 2 and 3 of his indictment, twenty years on counts 4, 5, and 6, and five years on count 7. The twenty year sentence was to run consecutively to the fifteen year sentence and the five year sentence was to run concurrently with the fifteen year sentence. Five years after

---

1. F.R.Cr.P. 35 provides in pertinent part: "The court may reduce a sentence within 120 days after the sentence is imposed . . . ."

these sentences were imposed, the defendant moved to have his prison term modified by suspending the twenty year sentence. He argued that under 18 U.S.C. § 3651 the sentencing court could suspend any sentence before the time it began and here the motion was made before the consecutive twenty year term started to run. Both the district court and the court of appeals rejected this line of argument, held that the modification petitioned for was a reduction of sentence, and that the trial court was without power to act. The courts reasoned that since the district court could have given one general sentence covering all seven counts of the indictment, and since consecutive sentences are considered as one sentence under the "good time" statute, 18 U.S.C. § 4161, the two consecutive sentences should be treated as one sentence for purposes of modification. If one general sentence had been imposed, the court would have had no jurisdiction to modify it since the then sixty day time limit under Rule 35 had passed. Treating the two consecutive sentences as one general sentence, then, the court was likewise without jurisdiction.

Counsel for Motley attempts to distinguish *Mann* from the case at bar because *Mann* involved several sentences under one indictment, while the case before us involves sentences under two separate indictments. Indeed, the court in *Mann* distinguished *Frad v. Kelly,* 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282 (1937), on this ground, giving the contention arguable plausibility. However, a closer look at *Frad* reveals a different situation than the one before us. In *Frad,* the Supreme Court dealt with the power of a district court to impose a fine and a prison term under one indictment and to suspend sentence and order probation on two other indictments, with probation to begin when the defendant finished serving the sentence on the first indictment. The defendant argued that the district court

had no power to revoke probation on the last two indictments and impose a sentence after the end of the first indictment prison term.

The Supreme Court held that the district court had the power to enter the initial sentence and to implement it by revoking probation after the first prison term had ended. However, the power of the district court was obviously based on the sentence it had imposed at the original sentencing. By placing the defendant on probation to begin after the end of the prison term given on the first indictment, the court retained jurisdiction to revoke or modify the probation when it went into effect. This is a far different procedure than that used by the district court in the case at bar. Here, no probation was given at the initial sentencing; rather, two consecutive prison terms were imposed. Any effort to make these sentences run concurrently amounts to a reduction in sentence, *Stern,* supra;[2] and absent some retention of jurisdiction as in *Frad,* supra, the district court loses its authority to reduce the sentence after 120 days. Thus, the court acted beyond its jurisdiction.

## II

## BONNIE ANN COLE

On May 3, 1974, Bonnie Ann Cole pleaded guilty to three counts in two indictments involving kidnapping for ransom for violations of 18 U.S.C. §§ 875(a) and 2, and 18 U.S.C. §§ 1201–02 and 2. She was sentenced on the same date to an eighteen year prison term on all counts consolidated for sentencing. In a communication dated August 1, 1974, the defendant requested a reduction of sentence under Rule 35. This request was denied by order filed August 8, 1974.

On September 3, 1974,[3] she filed a further petition requesting that the district court

---

**2.** We do not think the fact that the length of neither sentence was reduced serves to take the case out from under F.R.Cr.P. 35.

**3.** September 3, 1974 is the 123rd day after May 3, 1974. However, the 120th day, August 31st, fell on Saturday. When this occurs, Rule 45

F.R.Cr.P. provides that "the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday." Monday, September 2, 1974 was Labor Day. Thus, the 120 day period did not expire until the close of business on Tuesday, September 3rd.

modify her sentence in order that she be eligible for early parole under 18 U.S.C. § 4208(a)(2) (now § 4205(b)(1)). On this same date, oral argument was heard on the petition, and the court that day entered an order taking the petition under advisement.

On December 4, 1974, the defendant wrote to the court requesting action on her petition. In a reply on January 3, 1975, the judge said he would set up a meeting with counsel to discuss the matter. On January 28, 1975, her attorney advised her that, following the meeting, the court had decided to continue her request for modification of sentence until a later date.

On May 2, 1975, she again wrote to the court requesting early parole. The record discloses no action taken in response to this letter.

By letter filed June 9, 1977 with the court, the defendant renewed her efforts, requesting an early parole eligibility date. This letter referred back to the earlier correspondence, and the court, by order on the same date, took the letter under consideration as a motion for reduction of sentence. The government opposed this motion as untimely filed, and on November 11, 1977 the court, by order, denied the motion for that reason.

On December 16, 1977, the defendant wrote once again requesting a sentence modification. The government also opposed this motion both under Rule 35 and on the merits. On May 24, 1978, more than four and one-half years after the original sentencing, the court amended Cole's sentence so as to make her eligible for parole under 18 U.S.C. § 4205(b)(1). The government objects to this action as being beyond the court's jurisdiction.

■ It is well settled that an order allowing for the possibility of earlier parole constitutes a reduction of sentence and is therefore governed by Rule 35. E. g., *United States v. Crawford,* 512 F.2d 1254 (4th Cir. 1975); *United States v. Regan,* 503 F.2d 234 (8th Cir. 1974). It also is clear

that the motion need not necessarily be acted upon within the 120 day time limit as long as it is timely filed. *United States v. Stollings,* 516 F.2d 1287 (4th Cir. 1975). In the case before us, Cole's petition was filed on the last possible day, and under *Stollings* the district court is allowed a reasonable period after the 120 days to decide the motion.

■ In *Stollings* the motion for reduction of sentence was filed on the 119th day after sentencing and was not decided until a few (probably four) days later. The court acknowledged that a literal reading of the rule might require a contrary result, but felt that the purposes behind the rule would be better served if the district court could retain jurisdiction to decide a timely filed motion. However, the court made it equally clear that this extension of time was to be a limited one:

> "The time limitation appears to have as its dual purpose the protection of the district court from continuing and successive importunities and to assure that the district court's power to reduce a sentence will not be misused as a substitute for the consideration of parole by the Parole Board. We need not speculate, however, that a judge would hold a timely motion for reduction of sentence in abeyance and unacted upon for months or years and then seek to grant it on the basis of the defendant's conduct in prison. Here the district judge acted within days of receipt of the motion, and our holding should be read no broader than that he retains jurisdiction to act upon a timely motion after the expiration of the 120 day period for such reasonable time as, under the circumstances, is required for its consideration and disposition." 516 F.2d at 1289–90.

The case before us goes beyond any reading of *Stollings.* The court delayed disposition of the defendant's motion for four and one-half years, and in the meantime denied a later motion for the same relief as untimely filed. The reservation expressed in the

*Stollings'* discussion is before us now, and the government should be granted the extraordinary relief it requests. We need not and do not decide what period of time is reasonable to decide a motion for reduction of sentence under F.R.Cr.P. 35; we do decide that the period of time here was not reasonable.

■ Finally, the defendant argues that the government, in a conference, agreed that it would not defend on the ground that the 120 day period had expired. While we do not decide the existence of such an agreement, even if the defendant's allegations are true, they would not affect the result we reach today. The time limit under Rule 35 is jurisdictional, *United States v. Crawford,* 512 F.2d 1254 (4th Cir. 1975), and for that reason cannot be waived.

### III

F.R.Cr.P. 45(b) which provides in part that "the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them," and the literal construction placed on § 4208(a) in *Bradley v. United States,* 410 U.S. 605, 611, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973), requiring that "the decision to make early parole available under § 4208(a) must be made '[u]pon entering a judgment of conviction' ", we think lend authority to our decision.

We are thus of opinion that the prayers of the petitions for prohibition are well taken, but, being confident the district court will vacate the orders complained of, the writs will not issue.

The appeals are dismissed as moot.