RICHARD ALAN HUGHES, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 26765

January 31, 1996 910 P.2d 254

*Michael R. Specchio,* Public Defender and *Mary Lou Wilson,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney and *Gary H. Hatlestad,* Chief Appellate Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

On December 15, 1994, appellant Richard Alan Hughes was charged by an amended criminal information with one count of grand larceny, two counts of possession of a stolen motor vehicle, one count of willfully endangering a child as the result of neglect, and one count of conspiracy to commit grand larceny. After a trial, the jury found appellant not guilty of one of the two counts of possession of a stolen motor vehicle and guilty of all other counts. On January 27, 1995, in a judgment of conviction, the district court sentenced appellant to serve five years in the Nevada State Prison and pay a $1000 fine on the grand larceny charge; two years in the Nevada State Prison on the possession of a stolen motor vehicle charge, to run consecutively with the grand larceny sentence; one year in the Washoe County Jail on the willful endangerment of a child charge, to run concurrently with the grand larceny sentence; and one year in the Washoe County Jail on the conspiracy charge, to run concurrently with the possession of a stolen vehicle sentence. The district court further ordered appellant to pay restitution in the amount of $18,151.39. In his appeal, appellant challenges his conviction of willful endangerment of a child.

The state filed a motion to dismiss this appeal on June 6, 1995. In its motion to dismiss, the state urges this court to adopt the federal concurrent sentence doctrine and hold that "where the only issues raised on appeal would result in the vacation of one of two concurrent sentences, the case does not present an actual controversy and it need not be heard on the merits." Such a situation is presented in this case, as the sentence for willful endangerment is running concurrently with the sentence for grand larceny.

Some of the federal circuit courts of appeal have invoked the concurrent sentence doctrine in cases where concurrent sentences have been imposed. Under the concurrent sentence doctrine, the court will not decide an issue if the resolution of that issue in favor of the appellant would not reduce his or her sentence. *See* United States v. Jeter, 775 F.2d 670, 682 (6th Cir. 1985), *cert. denied,* 475 U.S. 1142 (1986); United States v. Boyce, 594 F.2d 1246, 1252 (9th Cir.), *cert. denied,* 444 U.S. 855 (1979). The Supreme Court has held, however, that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Sibron v. New York, 392 U.S. 40, 57 (1968). Many

federal circuit courts of appeal have therefore limited the application of the concurrent sentence doctrine to cases where "it is clear that there is no collateral consequence to the defendant and the issue does not otherwise involve a significant question meriting consideration," United States v. Hughes, 964 F.2d 536, 541 (6th Cir. 1992), *cert. denied,* 113 S. Ct. 1254 (1993), or "where there is no substantial likelihood that the unreviewed conviction will adversely affect the defendant's parole." United States v. Vasquez-Vasquez, 609 F.2d 234, 235-36 (5th Cir. 1980); *see also* Close v. United States, 450 F.2d 152 (4th Cir. 1971), *cert. denied,* 405 U.S. 1068 (1972).

Because this court's refusal to review a conviction in any case could result in a collateral consequence to the defendant, we reject the use of the federal concurrent sentence doctrine in this state. First, any conviction which appears on a defendant's criminal record could be used in future proceedings. For example, if this case were resolved in favor of appellant, the conviction of endangerment of a child, a gross misdemeanor, would be deleted from appellant's criminal record. This could have an impact in the penalty phase of any future conviction. Moreover, in the case of felony convictions bearing concurrent sentences, such convictions could later be used as a basis for habitual criminal sentence enhancement. Further, any good time credits that an inmate earns are applied to his or her primary sentence, but are not applied to the concurrent sentence. Consequently, the actual time served on two concurrent sentences will, in many instances, be longer than the actual time served on a single sentence of the same length. Accordingly, we deny the state's motion to dismiss and will consider the merits of this appeal.

At trial, Officer Curry explained police officer procedure upon encountering a person in possession of a stolen vehicle. Appellant contends that Officer Curry's testimony was irrelevant because such a stop did not occur in this case. We disagree. Under NRS 200.508(1)(a), endangerment of a child occurs when any person

> [w]illfully causes a child who is less than 18 years of age to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect or to be placed in a situation where the child may suffer physical pain or mental suffering as the result of abuse or neglect.

Officer Curry's testimony helped the state establish that the transportation of a child in a stolen vehicle places that child in a situation where he or she may suffer physical pain or mental

suffering. Without such testimony, the jury might not have been fully aware of the dangerousness of the situation in which appellant placed his daughter by transporting her in a stolen vehicle. Consequently, such testimony was relevant to the child endangerment charge and was properly admitted. Further, a district court's decision to admit evidence will not be disturbed absent manifest abuse of discretion. Felder v. State, 107 Nev. 237, 241, 810 P.2d 755, 757 (1991). The district court did not abuse its discretion.

Appellant further contends that Officer Curry's testimony was the only evidence presented at trial to support a conviction of child endangerment. Therefore, because appellant contends that such testimony was inadmissible, he argues that there was insufficient evidence to convict him of the child endangerment charge. Our review of the record on appeal, however, reveals that sufficient evidence was presented at trial, even without the testimony of Officer Curry, to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. See Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980). In particular, appellant's daughter testified that she was a passenger in a stolen vehicle on a number of occasions and was present when her father stole the keys to a second vehicle off a grocery cart. The jury could reasonably infer from the evidence presented that by involving his daughter in such criminal activities, appellant caused her to suffer unjustifiable mental suffering as a result of neglect or placed her in a situation where she may suffer physical pain or mental suffering as the result of neglect. Accordingly, we affirm the judgment of conviction entered against appellant.