UNITED STATES of America, Appellee,

v.

James Richard BELLO, Appellant.

UNITED STATES of America, Appellee,

v.

James Richard BELLO, Appellant.

Nos. 84-5144 (L), 84-6473.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 8, 1985.

Decided July 5, 1985.

Murnaghan, J., dissented and filed an opinion.

Reed E. Hundt, Washington, D.C. (David R. Hazelton, Latham, Watkins & Hills, Washington, D.C., on brief), for appellant.

James C. Savage, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, MURNAGHAN, Circuit Judge, and MERHIGE, District Judge for the Eastern District of Virginia, sitting by designation.

MERHIGE, District Judge.

This appeal challenges, on due process and double jeopardy grounds, the length of the sentence imposed on the defendant-appellant at resentencing on one conviction, after he successfully appealed a number of related convictions. Though disagreeing with appellant's contentions in several important respects, we find that the sentence is unconstitutional.

The appellant, James Bello, was initially convicted for conspiring to distribute cocaine,[1] distributing cocaine,[2] and engaging in a continuing criminal enterprise.[3] On each of the convictions for conspiracy and distribution, the district judge imposed sentences of five years imprisonment to be served concurrent with one another. Mr. Bello was eligible for parole on these sentences.[4] On the conviction for continuing criminal enterprise, the district judge imposed a twelve-year prison sentence consecutive to the five-year term. By statute, no parole is available on a sentence imposed

---

1. 21 U.S.C. § 846 (Count 1).

2. 21 U.S.C. § 841(a)(1) (Counts 2–8).

3. 21 U.S.C. § 848 (Count 9).

4. The parties do not dispute Mr. Bello's eligibility for parole under these sentences.

The district judge also imposed a special parole term of eight years as to the convictions for distribution (Counts 2–8); those terms were to be concurrent with one another, and in addition to the period of imprisonment. The parties have not raised the existence of these special parole terms under the initial sentence in any of their arguments, however.

for engaging in a continuing criminal enterprise.[5]

On Bello's first appeal, this court vacated the convictions on the conspiracy and distribution counts. *See United States v. Raimondo*, 721 F.2d 476, 477 (4th Cir.1983), *cert. denied*, —— U.S. ——, 105 S.Ct. 133, 83 L.Ed.2d 74 (1984). Bello had also appealed his conviction for engaging in a continuing criminal enterprise. We dismissed that appeal without prejudice because the record on that issue was not fully developed, noting that Mr. Bello could raise the issue separately by motion under 28 U.S.C. § 2255. *See id.* at 476.

The vacated convictions, so we held, were of lesser included offenses of the count for engaging in a continuing criminal enterprise. *Id.* With those convictions vacated, only Mr. Bello's conviction for engaging in a continuing criminal enterprise remained, and we remanded the matter to the trial court for resentencing. We cited several recent cases for the proposition that, at re-sentencing, the district judge could impose any penalty authorized by statute for the conviction that remained—though observing that the punishment imposed on remand should not exceed the punishment initially imposed on all counts, unless the district judge satisfied the due process limitations of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

On remand, the district judge recognized that Mr. Bello's prison record, after nearly two years in prison,[6] reflected that "rehabilitation ... is taking place." He did not identify any conduct or event justifying a more severe sentence, and imposed a sentence providing for incarceration for the same term as the combined sentences on the nine original counts. But the sentence appellant now faces is seventeen years with no parole eligibility, in contrast to his initial sentence of twelve years for engaging in a continuing criminal enterprise (which carries no parole eligibility) followed by five years for the cocaine conspiracy and distribution convictions (which do carry parole eligibility).

Shortly after his re-sentencing, Mr. Bello filed a timely notice of appeal of the new sentence. Several weeks later he filed a motion to correct the sentence, which the sentencing judge denied, 588 F.Supp. 102. Mr. Bello appeals that denial as well as the re-sentencing order itself. We address his constitutional challenges below.

Appellant contends that his re-sentencing violates due process because, while the second sentence is more severe than the initial sentencing package[7] on account of the absence of parole eligibility, the district judge did not provide any proper reasons for increasing the severity of the sentence. The Government, however, contends that the latest sentence is no more severe than the original sentencing package. Further, the Government argues that even if the sentence is more severe, it does not violate due process.

Due process imposes certain limitations on a judge who sentences a defendant after the defendant has successfully appealed a conviction and has been reconvict-

---

**5.** Section 848(c) of Title 21 provides:
In the case of any sentence imposed under this section, ... section 4202 of Title 18 [which was the section of the United States Code providing for parole in 1970, when Section 848(c) was enacted] ..., shall not apply.

**6.** At the re-sentencing hearing, appellant's counsel stated that appellant had spent "nearly two years" in prison. *See* Transcript of Re-sentencing Hearing of March 30, 1984, p. 7, Joint Appendix at 44. His opening brief in this appeal, however, states that appellant had been imprisoned for thirty (30) months at the time of re-sentencing. *See* Brief of Appellant, at 3. The discrepancy is not relevant here, however.

**7.** Appellant does not argue that due process prohibits (absent compliance with the *Pearce* requirements) any increase whatever in the twelve-year sentence; rather, he argues only that due process prevents (absent compliance with *Pearce*) any increase in the sentence that would make it more severe than the entire original sentencing package of twelve non-paroleable years and five consecutive paroleable years. Thus, the Court has no occasion to decide whether due process prevents any increase in the sentence whatever, as well as an increase beyond the entire initial sentencing package.

ed on the offense or suffers other convictions on which resentencing is appropriate. In order for a judge to impose a sentence more severe than the one initially imposed, the judge must "affirmatively identify[ ] relevent conduct or events that occurred subsequent to the original sentencing proceedings." *Wasman v. United States,* —— U.S. ——, ——, 104 S.Ct. 3217, 3225, 82 L.Ed.2d 424 (1984); *see also North Carolina v. Pearce, supra,* 395 U.S. at 726, 89 S.Ct. at 2081.

■ We have no doubt that the subsequent sentence is more severe than the original one. The Government is correct, of course, that under both sentences Mr. Bello faced a total prison term of seventeen years. But, as we have stated, under the later sentence—unlike a portion of the original one—Bello is ineligible for parole. Although a later sentence imposed by a judge is for an identical term of imprisonment as the initial one, it is nevertheless more severe for purposes of due process if it provides for parole consideration later than the initial sentence. *See United States v. Gilliss,* 645 F.2d 1269, 1283 (8th Cir.1981); *United States v. Hawthorne,* 532 F.2d 318, 323–24 (3d Cir.), *cert. denied,* 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976); *cf. In re United States,* 588 F.2d 56, 60 (4th Cir.1978) (order allowing for possibility of earlier parole is a reduction of sentence and is therefore governed by Fed.R.Crim.P. 35), *cert. denied,* 441 U.S. 909, 99 S.Ct. 2004, 60 L.Ed.2d 380 (1979). If, as here, the re-sentencing is for the same term of imprisonment as the original sentence—but provides for no parole consideration, rather than for later parole consideration as in *Gillis* and *Hawthorne*—it is *a fortiori* more severe than the original sentence.

The Government contends that the imposition of the subsequent sentence—even if more severe than the original one—does not violate due process. Although the Government has not completely developed them, it has suggested essentially two arguments for its contention. Both are grounded in the fact that the judge, at re-sentencing, apparently attempted to effectuate his original sentence.

■ First, the Government suggests that in light of the sentencing judge's expressed and unimpeached desire at re-sentencing to effectuate his original sentence, the re-sentencing raises no reasonable presumption of vindictiveness that requires a justification by the sentencing judge. This is unpersuasive. Since *Pearce,* due process requires that where a judge sentences a defendant more severely after the defendant's successful appeal, a "presumption of vindictiveness" is raised, *see United States v. Goodwin,* 457 U.S. 368, 374, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74 (1982), that may only be overcome by the sentencing judge's advancing appropriate reasons. The Government has not cited any cases holding that the presumption is not raised where the sentencing judge expressed a desire to effectuate his original sentence on resentencing. We do not perceive any persuasive reason to create such an exception here. Regardless of the sentencing judge's expressed intent, the increased severity of the later sentence would create a reasonable apprehension of vindictiveness in defendants, such as Mr. Bello, that might well deter them from taking meritorious appeals. Due process protects against this. *See Wasman, supra,* —— U.S. at ——, 104 S.Ct. at 3225 (Powell, J., concurring, joined by Blackmun, J.); *id.* at ——, 104 S.Ct. at 3226 (Brennan, J., concurring, joined by Marshall, J.); *id.* (Stevens, J., concurring).

■ The second (and related) argument in support of the Government's position is that, even if the presumption of vindictiveness has been raised, the sentencing judge adequately rebutted it here by expressing his desire only to effectuate the original sentence. This argument, in our view, is no more persuasive than the first. The Supreme Court has recently had occasion, in *Wasman, supra,* to consider the sorts of reasons that a sentencing judge may advance to justify a more severe sentence. The Supreme Court indicated in *Wasman* that the judge must identify "relevant conduct or events that occurred subsequent to

the original sentencing proceedings." *See Wasman, supra,* —— U.S. at ——, 104 S.Ct. at 3225. The Court had already made clear in *Pearce* that "relevant conduct or events" are those that throw "new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" *Id.* at ——, 104 S.Ct. at 3225–26 (Powell, J., concurring), *quoting North Carolina v. Pearce, supra,* 395 U.S. at 723, 89 S.Ct. at 2079.[8] *See also United States v. Whitley,* 734 F.2d 994, 996 (1985) (*en banc*). (due process bars increased sentences where no intervening conduct or event justifies the increase). A sentencing judge's intent to effectuate the initial sentence is not such conduct or such an event, of course.

■ Thus, Mr. Bello's post-appeal sentence raises a presumption of vindictiveness because it is more severe than his initial sentence. That presumption is not rebutted by the fact that the sentencing judge apparently attempted to effectuate his original sentence. Further, the sentencing judge identified no other factors that would rebut the presumption. Accordingly, Mr. Bello's post-appeal sentence offends due process.

As previously discussed, appellant has argued on due process grounds that his post-appeal sentence could not be more severe than his entire initial sentencing package: twelve years without parole, and five consecutive years with parole eligibility. Bello also contends that the Double Jeopardy Clause limits his sentence even further. He claims that it precludes the district judge from increasing his twelve-year sentence in any way whatever, once he began serving his sentence.

The appellant argues, and it was long held, that the Double Jeopardy Clause prevents a sentence from being increased after a defendant has begun to serve it. That view held sway in this court, *see Patton v. North Carolina,* 381 F.2d 636, 645 (4th Cir.1967), *cert. denied,* 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871 (1968), as well as in others. *See, e.g., United States v. Jefferson,* 714 F.2d 689, 706–07 (7th Cir. 1983) (citing cases from various circuits for this proposition, although rejecting the proposition). The Supreme Court itself expressed this view over fifty years ago. *See United States v. Benz,* 282 U.S. 304, 307, 51 S.Ct. 113, 114, 75 L.Ed. 354 (1931). The theory behind such a position is that an increase in punishment after service has commenced constitutes a multiple punishment for the same offense, *see, e.g., Patton, supra,* 381 F.2d at 645, which the Double Jeopardy Clause prohibits. *See North Carolina v. Pearce, supra,* 395 U.S. at 717, 89 S.Ct. at 2076.

In *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the Supreme Court declined to address the specific issue of whether the Double Jeopardy Clause precludes an increase in punishment for a conviction once a defendant has begun to serve the sentence. *See id.* at 134, 101 S.Ct. at 436 ("we venture no comment as to this limitation"). In the narrowest reading of *DiFrancesco,* which appellant urges, the case merely holds that the Double Jeopardy Clause does not preclude an increase in a sentence where the Government directly appeals that sentence pursuant to specific statutory authority. *See Ralston v. Robinson,* 454 U.S. 201, 224 n. 3, 102 S.Ct. 233, 247 n. 3, 70 L.Ed.2d 345 (1981) (Stevens, J., dissenting).

Although the appellant has correctly stated the specific problem before the Supreme Court in *DiFrancesco,* the reasoning of Justice Blackmun's opinion for the majority went beyond the specific facts of the case, undercutting the basis for any general rule that the Double Jeopardy Clause precludes a sentence increase once the defendant has commenced serving the sentence. First, the majority opinion discred-

---

**8.** The opinion of Chief Justice Burger in *Wasman* may have intimated that any "legitimate nonvindictive justification" should suffice to rebut a presumption of vindictiveness and satisfy due process. *See Wasman, supra,* —— U.S. at ——, 104 S.Ct. at 3222. But a majority of the Court declined to join the Chief Justice in that portion of his opinion.

ited *Benz* as authority for such a general rule. *See DiFrancesco, supra,* 449 U.S. at 138–39, 101 S.Ct. at 438. Second, it focused on whether the defendant held a legitimate "expectation of finality" as to the original sentence, in order to determine whether increasing the sentence later was tantamount to multiple punishment. *Id. See also United States v. Jones,* 722 F.2d 632, 638 (11th Cir.1983). And although it acknowledged that "it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it," the majority opinion also observed that "the Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.,* 449 U.S. at 137, 101 S.Ct. at 437. This observation tends to undermine the view that the moment at which a defendant begins serving his sentence necessarily triggers an expectation of finality for purposes of addressing double jeopardy problems.

In light of *DiFrancesco,* several federal courts of appeals have rejected double jeopardy challenges to increased sentences in circumstances similar to those presented here. Where a defendant has successfully appealed convictions on the ground that they were lesser included offenses of other offenses for which the defendant remained convicted (or on grounds of similar sentencing error), courts since *DiFrancesco* have held that the Double Jeopardy Clause does not preclude increasing the sentence on the remaining offense to effectuate the sentencing judge's original intent, even though the defendant has already begun serving the sentence. *See United States v. Jefferson, supra,* 714 F.2d at 707; *McClain v. United States,* 676 F.2d 915, 917–18 (2d

Cir.), *cert. denied,* 439 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *United States v. Busic,* 639 F.2d 940, 946–53 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).

We conclude that a double jeopardy challenge such as appellant's must be rejected. As discussed above, *DiFrancesco* directs the Court's inquiry to whether the defendant had a legitimate expectation of finality as to the severity of his sentence, in order to determine whether an increase in the sentence is essentially a multiple punishment for the same offense. The Government urges that, because Mr. Bello himself initiated the appeal, he has no expectation of finality. We do not find this dispositive. More important is the fact that his successful appeal of eight convictions was grounded on their being lesser included offenses of the continuing criminal enterprise offense, for which he also was convicted. We do not perceive how a defendant can have a reasonable expectation of finality in a sentence for an offense where the defendant appeals the convictions on other offenses as lesser included offenses. It would often be a windfall for the defendant to have a reduced sentence after such an appeal, in view of the fact that the defendant remains convicted of the same conduct for which the original sentencing package was imposed. We find no double jeopardy violation in the district judge's sentence.[9]

As discussed above, due process precluded the district judge at resentencing from imposing a sentence more severe than the initial sentence. We believe that the subsequent sentence should not have subjected Mr. Bello to any greater period of incarceration than he was certain to serve under

---

**9.** The appellant argues that *United States v. Jones, supra,* 722 F.2d 632, supports his position. The reasoning of *Jones,* however, like this opinion, focuses on the defendant's legitimate expectation of finality in the length of his sentence; the opinion rejects the view that the Double Jeopardy Clause precludes an increase in sentence once a defendant begins to serve it. *See*

*id.* at 637–38. Although the court in *Jones* found a double jeopardy violation, the circumstances were materially different from those here: the defendant had not appealed his convictions on lesser included offenses; rather, the district court on its own initiative had increased the original sentence because by its own error it

his initial sentence.[10] The parties do not dispute that Mr. Bello would have been eligible for parole after serving twenty months of his five-year prison sentence, following his twelve-year term. Thus, the district judge was free to re-sentence him on the continuing criminal enterprise count to a term that would have increased his period of incarceration by no more than twenty months—that is, to a term of thirteen years and eight months.

For the foregoing reasons, Count Nine is REMANDED FOR RESENTENCING. The sentence should not exceed thirteen years and eight months.

MURNAGHAN, Circuit Judge, dissenting:

A partial dissent is drawn from me because I am unable to accept a literal statutory construction so at odds with the evident Congressional intent that it simply cannot be the law. *Rector of Holy Trinity Church v. United States*, 143 U.S. 457, 461, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892).[1]

The question is simple. The prior sentence called for one unparolable term of 12 years, for having been engaged in a continuing criminal enterprise, followed by a spate of concurrent 5 year sentences, all of which were subject to parole. The 5 year sentences were all vacated on the grounds that the crimes underlying them were lesser included offenses. On remand the district judge imposed a 17 year sentence under 21 U.S.C. § 848. That sentence proper-

ly cannot stand. However, I part company with the majority as to how the district judge may resentence. I am unable to accept the majority's flat assumption that none of the sentence properly can be subject to parole in light of 21 U.S.C. § 848(c):

> In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted....

I disagree with the conclusion that the maximum permissible sentence is 13 years eight months (12 years plus 20 months which mark the time which would have to elapse in any event before eligibility for parole could arise). I reach my conclusion by considering what the prohibition of parole for those convicted of committing a continuing criminal enterprise must have meant. By the inclusion of § 848(c), Congress simply intended to increase, not to reduce, the time a convicted criminal should stay in prison.

The majority agrees that a sentence, if permitted by statute, of 17 years, the last 5 of which are to be subject to parole, would here have been proper, i.e. wholly constitutional. Descending to the statutory level, in my view, despite 21 U.S.C. § 848(c), such a sentence is not forbidden. Congress did not intend to mandate, in a situation like the present one, release on parole in no more than 13 years eight months. It did mean to make the criminal eligible for parole in 13 years eight months, but to keep

---

had misunderstood the circumstances relevant to the defendant's ability to make restitution.

**10.** We realize that, in limiting the district judge to imposing a sentence that does not incarcerate the defendant beyond any period that he was *certain* to serve, we do not fashion a perfect equivalent of the original sentence. But a perfect equivalent is impossible, because parole is statutorily precluded. We focus on the period the defendant was "certain to serve" under the initial sentence because it would appear that focusing on anything else—such as the period he was "reasonably likely to serve"—would involve undue speculation about both the defendant's future behavior and the parole board's decisionmaking.

**1.** "All laws should receive a sensible construction. General terms should be so limited in

their application as not to lead to injustice, oppression or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such cases should prevail over its letter."

To a criticism that my interpretation stands the statute on its head, it should be observed that literal speech and intended meaning are not, in every case identical. Here one must keep the language intact by standing the meaning on its head, or do the reverse. Either way the statute is, in a sense "turned on its head." In making a choice, I prefer to preserve meaning rather than an expression at clear odds with intent.

him incarcerated for the full 17 years if he misbehaved in such a fashion as to render him ineligible for parole.

The language of 12 U.S.C. § 848(a) contemplates imprisonment up to life. When a district judge in his discretion hits upon a combination of sentences for offenses subsequently determined, because all but one were lesser included offenses, to be subject to one punishment only, Congress did not, when it forbade parole, mean to improve things for the criminal by insisting on release on parole as soon as the earliest date for parole eligibility is reached, even in case of someone disqualified by unseemly behavior from parole.

Consequently, I would find implicit in 21 U.S.C. § 848(c) an addendum, reading something like this:

"unless, and only to the extent, parole is mandated by constitutional considerations."

Therefore, in my view, the final paragraph of the opinion should read:

For the foregoing reasons, Count Nine is REMANDED FOR RESENTENCING. The sentence should not exceed seventeen years, the last five years of which shall be subject to parole.

Of course, that would necessitate some, though not extensive, modification of the foregoing reasons set forth in the majority opinion. With much of what the majority has written I find myself in agreement. It is only the 3 years and 4 months between 13 years eight months and 17 years which seem to me improperly treated. The district judge should be able to include them in a sentence, so long as everything over 12 years is subject to parole.