857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnny THOMAS, Petitioner-Appellant,
v.
Ernest R. SUTTON; Attorney General of North Carolina,
Respondents-Appellees.
 No. 88-7087.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 27, 1988.
Decided: Sept. 6, 1988.
 
 Johnny Thomas, appellant pro se.
 Richard Norwood League (Office of the Attorney General of North Carolina), for appellees.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnny Thomas, a North Carolina inmate, is before us on appeal from the remand we earlier ordered in this cause. See Thomas v. Sutton, No. 87-7633 (4th Cir. Feb. 25, 1988) (unpublished).[1] Thomas claims that when the North Carolina Court of Appeals remanded his case for resentencing, the Double Jeopardy Clause prohibited an increase in his sentence. Contrary to Thomas, we find that his sentence was not increased at resentencing and that any alteration in his sentence was not fundamentally unfair.
 
 
 2
 * Thomas was convicted in state court of felonious breaking or entering, felonious larceny, and of being an habitual offender. See N.C.Gen.Stat. Secs. 14-54(a), 72(a), and 7.1. He was sentenced to 7 years in prison for breaking or entering and larceny and, in a separate commitment and judgment, was sentenced to 14 years in prison for being an habitual felon. The 14 year sentence ran consecutive to the 7 year sentence, for a total sentence of 21 years in prison.
 
 
 3
 On appeal, the North Carolina Court of Appeals affirmed the convictions for breaking or entering and larceny. State v. Thomas, 82 N.C.App. 682, 347 S.E.2d 494 (1986) cert. denied 320 N.C. 637, 360 S.E.2d 102 (1987). However, the court vacated the judgment finding Thomas guilty of being an habitual felon, holding that, under North Carolina law, an habitual felon is a status, not a substantive crime. The court did not disturb the finding that Thomas was, in fact, an habitual felon. It only dismissed the separate judgment of conviction. The court remanded Thomas's case to the trial court to resentence Thomas for breaking or entering and larceny, as an habitual felon.
 
 
 4
 On remand to the trial court, Thomas was sentenced, at the request of defense counsel, to 14 years in prison. The trial judge noted that this sentence was the minimum which could be imposed under the Habitual Felons Act. See N.C.Gen.Stat. Sec. 14-7.1 et seq.
 
 II
 
 5
 In this appeal, Thomas claims that the Double Jeopardy Clause barred the trial court from changing his sentence for breaking and entering and larceny, from 7 years to 14 years, because it is an impermissible increase and because he had started serving the 7 year sentence. This claim is not insignificant. See North Carolina v. Pearce, 395 U.S. 711 (1969); Patton v. North Carolina, 381 F.2d 636 (4th Cir.1967), cert. denied 390 U.S. 905 (1968).
 
 
 6
 Despite Pearce, the Court's approach in this area has grown more tolerant of post-trial increases in sentences. Thus, in United States v. DiFrancesco, 449 U.S. 117 (1980), the Court made clear that a criminal sentence is not to be afforded the finality and conclusiveness accorded an acquittal. Id. at 133. The Court upheld the right of the government to appeal a sentence pursuant to statutory authority and permitted an increase in punishment as a result of that appeal. See also Pennsylvania v. Goldhammer, 474 U.S. 28 (1985). DiFrancesco and Goldhammer have been acknowledged in the federal circuits. See eg. United States v. Fogel, 829 F.2d 77 (D.C.Cir.1987); United States v. Shue, 825 U.S. 1111 (7th Cir.), cert. denied 56 U.S.L.W. 3355 (November 17, 1987); United States v. Andersson, 813 F.2d 1450 (9th Cir.1987); United States v. Bello, 767 F.2d 1065 (4th Cir.1985). But see United States v. Earley, 816 F.2d 1428 (10th Cir.1987) (en banc).
 
 
 7
 The approach in this Court is derived from United States v. Bello, supra, and United States v. Lundien, 769 F.2d 981 (4th Cir.1985), cert. denied 474 U.S. 1064 (1986). In Bello, a panel of this court held that DiFrancesco focuses the inquiry on "whether the defendant had a legitimate expectation of finality as to the severity of his sentence" to determine a double jeopardy violation. 767 F.2d at 1070. In Lundien, another panel of this court framed the question as a matter of due process--whether it is fundamentally unfair to increase a defendant's sentence after that sentence has commenced. 769 F.2d at 986. While Bello and Lundien use different perspectives, it is clear they both reduce the analysis to a basic inquiry into the fairness of altering a sentence in a particular case. That is, the Bello analysis of the legitimacy of a defendant's expectation of the finality of sentence is nothing more, or less, than an examination of the reasonableness of his expectation in light of the circumstances. This is precisely the concern addressed in Lundien and is the approach we use in this case.
 
 
 8
 In applying a Bello/Lundien analysis, it is critical that we examine the circumstances of the case. Relevant considerations in this regard include (1) whether the increase is predicated on any action taken by the defendant, see United States v. Fogel, 829 F.2d at 89; United States v. Bello, 767 F.2d at 1070; (2) whether the defendant has served so much of his sentence that his expectation has crystallized, see United States v. Lundien, 769 F.2d at 987; and (3) whether the increase in sentence is needed to bring the sentence into compliance with a statute, see Bozza v. United States, 330 U.S. 160 (1947); United States v. Fogel, 829 F.2d at 88.
 
 III
 
 9
 Using the Bello/Lundien approach, it is clear that Thomas's sentence was not unfairly altered. Originally, Thomas was sentenced to a total of 21 years in prison. On direct appeal Thomas challenged his sentence (and thus, triggered the events leading to this issue). Contrary to Thomas's claim here, the result of that appeal was not disapproval of the finding that Thomas is an habitual felon--the court only rejected the method by which he was sentenced for that status. Thus, the only logical conclusion is that the North Carolina Court of Appeals intended that Thomas's sentence for breaking or entering and larceny be upwardly adjusted to account for the undisturbed finding that Thomas was an habitual felon and to comply with the Habitual Felons Act. See N.C.Gen.Stat. Sec. 14-7.1 et seq. Moreover, at his resentencing, Thomas requested, through counsel, the statutory minimum of 14 years, which was granted. This is no minor matter for Thomas--he could have received from 14 years to life imprisonment. See N.C.Gen.Stat. Secs. 14-1.2 and 7.6.
 
 
 10
 Consequently, the net result of the state court proceedings was a reduction of 7 years imprisonment for Thomas. While it is true that Thomas had served almost one year of his sentence, it is hard to conclude, in light of Thomas's appeal and the net reduction in sentence, that Thomas could legitimately believe that his 7 year sentence was finalized. In these circumstances, we hold that Thomas's sentence was not unfairly altered.
 
 
 11
 Accordingly we deny a certificate of probable cause to appeal and dismiss the appeal.[2] We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 12
 DISMISSED.
 
 
 
 [1]
 Our first decision in this cause reversed the district court's order dismissing the petition for failure to exhaust state remedies, see 28 U.S.C. Sec. 2254(b), and directed that court to accept the waiver of exhaustion by the state and to consider the merits of Thomas's petition
 
 
 [2]
 Thomas's other claim, that his second sentence is cruel and unusual punishment, is wholly without merit--he received the minimum sentence he could receive for his crimes