h McKAY, Judge.
The record reflects that on May 15, 1998, the district court denied relator’s motion for clarification of his sentence. In his motion relator asserts that when he pled guilty in the instant case, his plea agreement provided that the sentences in the instant case would be served concurrently with the seventeen-year sentence which he was already serving for a different crime. On June 19, 1985,relator entered a plea of guilty to two counts of armed robbery. Subsequent to that the state filed a bill of information charging the defendant as a multiple offender under La. R.S. 15:529.1. On June 24, 1985,relator was sentenced as a multiple offender to serve thirty-three years in the Department of Corrections, credit for time served, to run concurrently with other sentences defendant may be serving. In September of 1990, this court, in case # 90-K-1072, vacated the sentence and ordered the trial court to re-sentence the defendant as a first offender, based upon La. R.S. 15:521.1, where the predicate conviction must precede the commissions of the instant offense. When relator was re-sentenced on ^August 31, 1993 as a first offender, the district court ordered the defendant to serve twenty-five years in the Department of Corrections, credit for time served, without benefit of parole, probation or suspension of sentence and each count to run concurrently. We agree.
La.C.Cr.P. 930.3, bars review of sentencing errors in post-conviction relief. State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172.
Furthermore, relator’s case departs from the situation that existed in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); United States v. Bello, 767 F.2d 1065 (4th Cir.1985), where the trial court was required to structure a new sentence that was not more severe than the original sentence. In the instant case, defendant’s re-sentencing was a result of his own doing. By his actions, the relator put himself in a different posture. The ruling of this court remanding the matter to the trial court for sentencing as a first offender, resulted in his original sentence pursuant to a plea bargain agreement being vitiated ab initio. It is as if no sentencing ever occurred. Therefore, the instant case started anew without the need to consider the original plea bargain agreement.
Pursuant to La.C.Cr.P. R.S. 14:64(B), whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine without benefit of parole, probation or suspension of sen *772 tence. The trial court was well within his discretion when he sentenced the relator to serve twenty-five years.
WRIT DENIED.