Filed 6/24/21  P. v. Hayes CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CLIFTON HAYES,<br><br>    Defendant and Appellant. | B297544<br><br>(Los Angeles County Super. Ct. No. LA082323)<br><br>**ORDER MODIFYING OPINION**<br>   [There is no change in judgment] |

THE COURT:

It is ordered that the opinion filed on May 26, 2021, is modified as follows:

On page 18, footnote 13, replace the bracketed language following the citation to *State v. Thomas*

(2019) 465 Md. 288, with the following, "original 18-year sentence with parole eligibility after seven and one-half years versus new 18-year sentence with parole eligibility after nine years".

There is no change in judgment.

———————————————————————————————
MOOR, J.              RUBIN, P. J.         BAKER, J.

Filed 5/26/21  P. v. Hayes CA2/5 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>CLIFTON HAYES,<br><br>　　Defendant and Appellant. | B297544<br><br>(Los Angeles County<br>Super. Ct. No. LA082323) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Susan M. Speer, Judge.  Sentence vacated; remanded.

Marilyn G. Burkhardt, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, Douglas L. Wilson, Deputy Attorney General, for Plaintiff and Respondent.

———————————————

Defendant and appellant Clifton Hayes appeals the trial court's imposition of a determinate term of 75 years in state prison upon resentencing.  Hayes contends that his current sentence violates the California Constitution's prohibition of double jeopardy and his state and federal constitutional due process rights, because it is greater than the sentence the trial court imposed before a panel of this court concluded that insufficient evidence supported his conviction of kidnapping for purposes of robbery (§ 209, subd. (b)(1)) in count 1, reduced the conviction to the lesser included offense of felony false imprisonment (Pen. Code, § 237, subd. (a)[1]), and remanded to the trial court for resentencing.  He further contends that the abstract of judgment must be corrected, as it misidentifies his crimes in counts 1 and 11.

The People agree that the abstract of judgment must be corrected to correctly reflect the offenses in counts 1 and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

11, but dispute Hayes's contention that his current sentence is greater than his original sentence.

Following our review of the record, we sent a letter to the parties inviting supplemental briefing regarding the trial court's imposition of a firearm use enhancement pursuant to section 12022.53, subdivision (b), in count 10, despite the fact that the jury had made no firearm use finding in association with that count.[2] The parties agree that the enhancement must be stricken.

We conclude that the sentence imposed on remand is more severe than the sentence originally imposed. We vacate the sentence and remand the matter to the trial court to resentence Hayes. Although not necessary to our disposition of this matter in light of our remand, we note that (1) the abstract of judgment should reflect that Hayes was convicted of felony false imprisonment (§ 237, subd. (a)) in count 1 and possession of a firearm by a felon (§ 28900, subd. (a)(1)) in count 11, and (2) the jury did not make a firearm use finding in connection with count 10, so imposition of an enhancement under section 12022.53, subdivision (b) would be inappropriate.

---

[2] We previously granted a request by Hayes that we take judicial notice of the record in the prior appeal in Case No. B277263.

# PROCEDURAL HISTORY[3]

A jury convicted Hayes of kidnapping for purposes of robbery (§ 209, subd. (b)(1) [count 1]), three counts of second degree robbery (§ 211 [counts 2, 3, & 10]), six counts of assault with a semiautomatic firearm (§ 254, subd. (b) [counts 4, 5, 6, 7, 8, & 9]), and possession of a firearm by a felon (§ 29800, subd. (a)(1) [count 11]).  The jury found true the allegations that Hayes personally used a firearm within the meaning of section 12022.53, subdivision (b), in counts 2 and 3.  It further found true the allegations that Hayes personally used a firearm within the meaning of section 12022.5, subdivisions (a) and (d), in counts 4, 5, 6, 7, 8, and 9.  The jury also found true the allegations that Hayes suffered four prior strike convictions.

At the sentencing hearing, the trial court considered Hayes's *Romero* motion,[4] and found that all four of his prior convictions were separate strike offenses.  The court then struck three of Hayes's four prior strikes in the interests of justice; the fourth strike, not stricken by the trial court, is for a violation of section 215, subdivision (a), a serious felony within the meaning of section 667, subdivision (a)(1), as alleged in the information.

---

[3] Because Hayes's contentions are limited to sentencing error, it is not necessary to include a recitation of the facts.

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

After enumerating multiple aggravating factors, the trial court sentenced Hayes to two life terms, plus a determinate term of 30 years 4 months, as follows: a life sentence with the possibility of parole, doubled to two consecutive life sentences pursuant to the three strikes law in count 1; the upper term of 5 years, doubled to 10 years pursuant to the three strikes law, plus a 10-year enhancement (§ 12022.53, subd. (b)) in count 2; and a consecutive 2-year term (one-third the mid-term, doubled per the three strikes law), plus an enhancement of 3 years 4 months (§ 12022.53, subd. (b)) (one-third of the 10-year enhancement) in count 3. The court imposed concurrent terms of 6 years, doubled to 12 years pursuant to the three strikes law, plus enhancements of 4 years each (§ 12022.5, subds. (a) & (d)) in counts 6, 7, 8, and 9; and a concurrent sentence of 3 years in count 11.[5] The court imposed and stayed sentences of 16 years each in counts 4 and 5 (the mid-term of 6 years doubled pursuant to the three strikes law, plus 4 years for the personal gun use allegation); and imposed and stayed the upper term of 5 years, doubled under the three strikes law, plus 10 years (§ 12022.53, subd. (b)),[6] in count 10, pursuant to section 654. Finally, the court

_____

[5] The sentence in count 11 should have been doubled pursuant to the three strikes law.

[6] The jury was not asked to make a finding under section 12022.53, subd. (b) in count 10, although the enhancement was charged in the amended information.

imposed a sentence of 5 years under section 667, subdivision (a)(1) for Hayes's prior conviction for violation of section 215, subdivision (a), a serious felony.

Hayes timely appealed, challenging the sufficiency of the evidence supporting his conviction for kidnapping for purposes of robbery in count 1, and contending that the trial court erred by orally imposing two life terms with the possibility of parole in count 1, rather than a single life term with a minimum parole eligibility date of 14 years. The People agreed that the court erred in it its oral pronouncement of sentence in count 1, but argued that substantial evidence supported his conviction for kidnapping for purposes of robbery. Another panel of this court concluded that the asportation element of kidnapping for purposes of robbery in count 1 was not supported by substantial evidence, reduced the conviction in count 1 to the lesser included offense of felony false imprisonment (§ 237, subd. (a)), and remanded to the trial court for resentencing. The panel's remand in count 1 for resentencing mooted Hayes's claim of sentencing error in that count.

On remand, the court sentenced Hayes to a determinate term of 75 years to life. At the resentencing hearing, the trial court noted that it had discussed the court's tentative ruling off-record with the parties. Defense counsel then argued based on the tentative ruling: "We understand that the Court has explained in terms of what the Court intends to do with the sentence and the changes in the sentence for the various counts, and it's a concern to us

6

because, even though technically anything less than the word 'life' is considered to be a lesser offense, it could be 125 years but it's still considered to be less than life." Counsel argued that reversal was for insufficient evidence rather than imposition of an "illegal" sentence, so "it would be punitive or unfairly and improperly punitive to now almost punish Mr. Hayes for raising the alarm, that, 'hey, this is not a kidnapping' and which would -- we would in effect remove the 'L' but not cause him or cause all of these counts to be revisited.  It punishes him really for doing that appeal . . . ."

The court responded, "Because [Hayes] was convicted on the count that the Court of Appeals felt was not factually based, I can resentence him over again.  I can't sentence him to greater than what I sentenced him to the first time, but the cases seem to indicate that a determinate term is less than an indeterminate term even if the net result is he ends up serving more time, which we cannot calculate because it's up to the Board of Prison Terms and the Parole Board.  So for those reasons I do not think I am punishing him or sentencing him to more than he received at the initial sentence before the appeal was granted."

With respect to Hayes's prior convictions, the trial court reiterated that it had stricken three of the four strikes, and was sentencing Hayes as a second-striker under the three strikes law.  The court also noted that Hayes's remaining strike, for the violation of section 215, subdivision (a) was a serious felony.

7

The court stated that it would not exercise its discretion to strike the remaining gun allegations pursuant to sections 12022.5, subdivision (c) or 12022.53, subdivision (h), or the prior strike conviction pursuant to section 667, subdivision (a)(1) in the interests of justice.

The court found numerous factors in aggravation, and no mitigating factors, and sentenced Hayes to a total determinate term of 75 years.  The court vacated the sentence and dismissed the personal firearm use allegation in count 1.[7]  The court selected count 4 as the principal count, and sentenced Hayes to the high term of 9 years, doubled to 18 years under the three strikes law, plus an additional high term of 10 years for the gun enhancement (§ 12022.5, subd. (a)), for a total of 28 years in prison.  In counts 5, 6, 7, 8, and 9, the court sentenced Hayes to consecutive terms of 7 years 4 months (one-third the mid-term plus one-third of the high term for the gun enhancement pursuant to § 12022.5, subd. (a)).  In count 10, the court imposed a consecutive sentence of 5 years 4 months (one-third the mid-term plus one-third of a 10-year enhancement under § 12022.53, subd. (b)).  The court imposed a concurrent high term of 3 years in count 11, doubled pursuant to the three strikes law, for a total of 6 years.  The court imposed and stayed a sentence of 8 years in count 1 (the high term doubled pursuant to the three strikes law), and imposed and stayed sentences of 20 years each in

_____

[7] The jury did not make a firearm use finding in count 1.

8

counts 2 and 3 (the high term doubled pursuant to the three strikes law plus a 10-year firearm use enhancement). Finally, the court sentenced Hayes to an additional consecutive 5-year enhancement pursuant to section 667, subdivision (a).

Hayes timely appealed.

## DISCUSSION

### *The Trial Court Imposed a Greater Sentence Upon Resentencing*

Hayes contends that the trial court violated the California Constitution's prohibition on double jeopardy and his state and federal constitutional due process rights by imposing a greater sentence on remand following his successful appeal. He argues that the 75-year determinate sentence imposed upon resentencing is a de facto sentence to life without parole—he will not be eligible for release until he is approximately 108 years old—and is more severe than the sentence originally imposed.[8] In contrast, under the

---

[8] The trial court erred by including, in the 75-year sentence imposed after remand, additional time based on an enhancement in count 10 that was not part of the jury's verdict. As corrected for that error, Hayes's sentence would reflect a total term of 71 years 8 months of imprisonment. Even correcting for the mistakenly imposed enhancement in count 10, Hayes would not be paroled under the sentence imposed on remand until he is over 100 years old.

original sentence of life with a minimum parole eligibility date of 14 years, plus 30 years 4 months, Hayes would have been eligible for parole when he was 79 years old.[9]

The People contend that Hayes forfeited this argument by failing to raise the issue at the resentencing hearing, but that, regardless, the contention fails.

## Forfeiture

We disagree with the People regarding forfeiture. The trial court considered the issue now raised on appeal and explained its ruling in that context. Defense counsel was adamant in his concerns regarding imposition of a greater sentence following Hayes's successful appeal. In response, the trial court explained why it believed that the sentence imposed after remand was less severe than the original sentence, as required under the circumstances. Although defense counsel did not specifically reference double jeopardy and due process rights at the resentencing hearing, Hayes's objections were sufficiently specific to preserve his constitutional claims, such that "[n]o unfairness to the

_____

[9] We agree with the parties that, had the kidnapping for purposes of robbery count been supported by substantial evidence, the correct sentence for the kidnapping for purposes of robbery count would have been life with a minimum parole eligibility date of 14 years, and not two consecutive life sentences as the trial court originally imposed. (*People v. Jefferson* (1999) 21 Cal.4th 86, 96, 99 (*Jefferson*).)

parties or the court results from considering this claim on appeal." (*People v. Gomez* (2010) 181 Cal.App.4th 1028, 1033; see also *People v. Partida* (2005) 37 Cal.4th 428, 435.) Moreover, Hayes's contention that the determinate sentence with a parole eligibility date that exceeds his lifespan is greater than a life sentence with eligibility for parole is an issue that can be resolved as a matter of law without reference to the sentencing record in the trial court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888–889.) We review such issues de novo. (*People v. Grimes* (2016) 1 Cal.5th 698, 712.)

## Legal Principles on Resentencing

After a defendant successfully appeals a criminal conviction on the ground that it is not supported by substantial evidence, "California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing." (*People v. Hanson* (2000) 23 Cal.4th 355, 357 (*Hanson*); see also *People v. Henderson* (1963) 60 Cal.2d 482, 495–497 (*Henderson*).)[10] "[T]he [double jeopardy] protections afforded by our state

---

[10] "A case falls outside the rule[s] of *Henderson* [and *Hanson*] when it involves an unauthorized or illegal sentence. When such a sentence is set aside on appeal a correct, even if more severe, sentence may be imposed upon retrial without offending the principles of double jeopardy." (*People v. Craig* (1998) 66 Cal.App.4th 1444, 1449.)

Constitution are broader than those afforded by the federal Constitution.  (*People v. Monge* (1997) 16 Cal.4th 826, 844.) . . . [O]ne of the consistent concerns of our state courts in looking at double jeopardy issues in the context of a sentence imposed after a successful appeal has been the related due process concern of whether an increased punishment reflects a vindictive retaliation for defendant's having taken a successful appeal.  [Citations.]  Accordingly our discussion though framed as an issue of double jeopardy subsumes both defendant's double jeopardy and due process claims." (*People v. Craig* (1998) 66 Cal.App.4th 1444, 1447.)

When an indeterminate sentence such as life with the possibility of parole is imposed, "the defendant is sentenced to life imprisonment but the Board of Prison Terms can in its discretion release the defendant on parole."  (*Jefferson*, *supra*, 21 Cal.4th at p. 92.)  As with the sentence originally imposed in the instant case, an indeterminate term may include a minimum term, before which the defendant is not parole-eligible.  (*Id.* at pp. 92–93.)  A "determinate" prison sentence, such as the one the trial court imposed here on resentencing after remand, consists of "a specific number of months or years in prison."  (*Id.* at p. 92.)  The defendant must serve the entire determinate term, less applicable credits, but must then be released on supervised parole for a set period of time.  (§ 3000, subds. (a)(1), (b); *In re Dannenberg* (2005) 34 Cal.4th 1061, 1078.)  The Board "has no discretion to grant or withhold parole to a prisoner who has served a determinate term."  (*People v. Burgener* (1986)

12

41 Cal.3d 505, 529, fn. 12, disapproved on another ground in *People v. Reyes* (1998) 19 Cal.4th 743, 756.)

### Analysis

Following Hayes's appeal of his conviction, and the appellate court's determination that there was insufficient evidence to support the kidnapping for purposes of robbery conviction in count 1, the matter was remanded for resentencing. The trial court correctly stated that it could not impose, on remand after Hayes's successful appeal, a greater sentence than originally imposed. (*Hanson*, *supra*, 23 Cal.4th at p. 357.) Neither Hayes nor the People quarrel with this fundamental rule. Rather, their dispute on appeal is whether the sentence imposed after remand is a greater or lesser sentence than the sentence originally imposed.

In addressing the merits of the parties' dispute, we accept the following as the key elements of each sentence: Hayes's original sentence provided for an indeterminate term of life imprisonment with a minimum parole eligibility date of 14 years on the kidnapping for robbery count, plus a determinate term of 30 years and 4 months on the remaining counts. Neither the 30-year 4-month determinate sentence nor the minimum parole eligibility date applicable to the indeterminate term precluded all possibility of release during his lifetime. The sentence imposed after Hayes's successful appeal, and challenged here, is a term of 71 years, 8 months. Hayes is entitled to be paroled upon completion of

13

that term; however, that parole date will not occur until beyond his life expectancy.

As discussed more fully below, we conclude that: Hayes's sentence after remand is the functional equivalent of life without the possibility of parole; his original sentence of 30 years 4 months plus life with the possibility of parole with a minimum parole eligibility date of 14 years was not the functional equivalent of life without parole; and, as a consequence, the sentence imposed on remand was more severe, and violates his constitutional rights as expressed in *Hanson*.

### The Challenged Sentence is the Functional Equivalent of Life Without the Possibility of Parole

Hayes argues, and we agree, that the sentence imposed on remand is, as a practical matter, a sentence of life without the possibility of parole. This conclusion seems a matter of common sense, given that his parole eligibility is past age 100. As the California Supreme Court has observed, "[w]hen evaluating a sentence that clearly exceeds the natural life expectancy, . . . it is straightforward to conclude that the sentence is 'functionally equivalent' to LWOP as an actuarial matter. [Citation.]" (*People v. Contreras* (2018) 4 Cal.5th 349, 364 (*Contreras*).)[11]

_____

[11] In *Contreras*, the majority concluded "that a sentence of 50 years to life is functionally equivalent to

14

The People do not confront this straightforward conclusion, or dispute it, but instead contend we should

---

LWOP" for juvenile offenders. (*Contreras*, *supra*, 4 Cal.5th at p. 369.) The Chief Justice, writing in dissent and joined by two of her colleagues, disagreed, finding "[n]o plausible argument exists that [the sentence imposed] is tantamount to a life term." (*Id.* at p. 411 (dis. opn. of Cantil-Sakauye, C.J.).) The differing views between the majority and the dissenting opinions turned in part on whether the juvenile defendants whose sentences were being challenged on Eighth Amendment grounds would be eligible for parole at age 60 under the Elderly Parole Program codified at section 3055, or at an acceptable age because of good conduct credits. (*Id.* at pp. 374–379.) The majority and dissenting opinions also took divergent views as to how late in a defendant's life expectancy an opportunity for parole would make a sentence the functional equivalent of life without the possibility of parole. We need not struggle with these issues here. Under Hayes's current sentence, he is statutorily ineligible for the Elderly Parole Program, because he was sentenced pursuant to sections 667 and 1170.12, subdivision (c)(1). (§ 3055, subd. (g).) Further, there is not a suggestion here that the sentence imposed on Hayes on remand has any practical effect other than what the Chief Justice described in her dissent as the hallmarks of life without the possibility of parole: "Such a sentence "'means that . . . [the convict] will remain in prison the rest of his days.'" [Citation.] 'Life in prison without the possibility of parole.' . . . 'gives no chance for fulfillment outside prison walls, no chance for reconciliation with society, no hope.' [Citation.]" (*Id.* at p. 383 (dis. opn. of Cantil-Sakauye, C.J.).)

ignore reality because the courts that have recognized the importance of natural life expectancy have done so in the context of evaluating whether life sentences without parole for juvenile offenders run afoul of the Eight Amendment's prohibition against cruel and unusual punishment. We recognize that the instant case arises in a very different context than the Eighth Amendment challenges made by juvenile offenders addressed by the United States Supreme Court in *Graham v. Florida* (2010) 560 U.S. 48 (*Graham*), and *Miller v. Alabama* (2012) 567 U.S. 460, and by the California Supreme Court in *Contreras, supra,* 4 Cal.5th 349, and *People v. Caballero* (2012) 55 Cal.4th 262. But for the purposes of evaluating whether a sentence provides for any parole consideration during an individual's expected natural lifetime, we see no difference between a case where the defendant who will receive a parole hearing at age 100 is currently a juvenile or an adult.[12] Under the sentence challenged here, Hayes will not have an opportunity for parole in his expected lifetime.

---

[12] In *Graham*, during its discussion of the severity of sentences, the Supreme Court discussed its prior decisions in *Rummel v. Estelle* (1980) 445 U.S. 263 (*Rummel*) and *Solem v. Helm* (1983) 463 U.S. 277 (*Solem*), both involving adult offenders. The *Graham* court stated, "in *Solem*, the only previous case striking down a sentence for a term of years as grossly disproportionate, the defendant's sentence was deemed 'far more severe than the life sentence we considered in *Rummel*,' because it did not give the defendant the possibility of parole." (*Graham, supra,* 560 U.S. at p. 70.)

## The Sentence Imposed After Remand Was
## More Severe, and In Violation of *Henderson*

This appeal presents the question of whether a sentence of determinate length that exceeds a defendant's life expectancy, and as a consequence provides no realistic possibility of parole, is more severe than an indeterminate life sentence plus a term of years that provides an opportunity for release on parole within the defendant's lifetime.  As a matter of common sense, it does not seem that it is a difficult question to answer: faced with the option of prison for life with no possibility of release, versus prison for life but with some possibility of release, every person would choose the latter.  Nevertheless, the People urge us to adopt a bright line rule that "[a]n indeterminate sentence with a lifetime maximum is always greater than a determinate sentence for a fixed term of years." We decline.

To justify the counterintuitive notion that life with the possibility of parole is somehow worse than life without that possibility, the People catalogue criminal cases to demonstrate how difficult it is to obtain release on parole at the time of first eligibility.  The People cite *In re Prather* (2010) 50 Cal.4th 238, as an example of eligible defendants being denied parole on at least four occasions, and cite other cases where, after multiple failed attempts at parole before the parole board, a defendant's ultimate grant of parole was reversed by the Governor and relief denied by the courts. (See, e.g., *In re Shaputis* (2008) 44 Cal.4th 1241 (*Shaputis*);

*In re Hare* (2010) 189 Cal.App.4th 1278.)  None of the cases cited by the People stand for the proposition that an opportunity for parole, or the first parole eligibility date, is an immaterial provision in a sentence; to the contrary, "'parole applicants in this state have an expectation that they will be granted parole unless the Board finds, in the exercise of its discretion, that they are unsuitable for parole in light of the circumstances specified by statute and by regulation.' ([*In re*] *Rosenkrantz* [(2002)] 29 Cal.4th [616,] 654 [].)" (*Shaputis, supra*, 44 Cal.4th at p. 1258.)  None of the cases refute the common-sense proposition that a sentence that presents an opportunity for parole is not as severe as a sentence that provides no such opportunity.[13]

The People further contend that our Supreme Court has established a rule that an indeterminate life sentence with the possibility of parole is always a greater punishment

---

[13] Similarly, as recognized by other state and federal courts, a sentence imposed on remand after a defendant's successful appeal that has the same term of imprisonment as the original sentence, but provides for later parole consideration than the original sentence, is more severe, and constitutionally impermissible.  (See, e.g., *United States v. Bello* (4th Cir. 1985) 767 F.2d 1065 [comparing sentence of 12 years without parole eligibility and consecutive 5 years with possibility of parole versus 17-year sentence without parole]; *State v. Thomas* (2019) 465 Md. 288 [sentence of 18 years versus 18 years with a minimum parole eligibility date of 9 years].)

than a determinate term, citing *People v. Norrell* (1996) 13 Cal.4th 1 (*Norrell*), superceded by statute on other grounds as recognized in *People v. Kramer* (2002) 29 Cal.4th 720, 722.[14]

In *Norrell*, the defendants were convicted of robbery and kidnapping for purposes of robbery arising out of the same course of conduct. (*Norrell*, *supra*, 13 Cal.4th at pp. 3–4.) Pursuant to section 654, which prohibits multiple punishment, the trial court stayed punishment for the offense of kidnapping for purposes of robbery, and imposed sentence on the offense of robbery. (*Id.* at p. 4.) The trial court stressed that the decision was very difficult, but that the defendants' youth (defendants were 16 and 19 years old at the time they committed the crimes (*id.* at p. 3)) was the deciding factor. (*Id.* at pp. 4–5.) "In total, [the trial court] sentenced Norrell to state prison for six years, eight months, consisting of the upper term of five years for the robbery, one year for the firearm enhancement, and eight months for the Vehicle Code violation. It sentenced Lau to state prison for ten years, eight months, consisting of the upper term of five years for the robbery, five years for the firearm use enhancement, and eight months for the Vehicle Code

---

[14] *Norrell* was a plurality opinion that included a lead opinion, authored by Justice Mosk and joined by two other justices, a concurring opinion by Justice Baxter, and a concurring and dissenting opinion, authored by Justice Arabian joined by two other justices.

violation. . . . Each waived all credits for time served and waived his right to appeal the sentence." (*Id.* at p. 4.)

"The People appealed, contending that the trial court imposed an unauthorized sentence by staying the sentence on the 'greater offense' of kidnapping for robbery, and imposing the sentence on the 'lesser offense' of robbery. They argued that the 'greater offense' is that offense which carries the longest potential term of imprisonment, and that, in this case, the kidnapping for robbery, punishable by life imprisonment with the possibility of parole (Pen. Code, § 209, subd. (b)) was the 'greater offense' and the robbery, punishable by a term of two, three, or five years (*id.*, § 213, subd. (a)(2)) was the 'lesser offense.'" (*Norrell, supra,* 13 Cal.4th at p. 5.)

The appellate court dismissed the People's appeal. (*Norrell, supra,* 13 Cal.4th at p. 5.) The Supreme Court affirmed, holding that the trial court did not impose an unauthorized sentence, although each opinion (the opinions of Justice Mosk, Justice Baxter, and Justice Arabian) espoused different reasoning. As relevant here, Justice Mosk reasoned section 654 expressly provided that a defendant could be punished for either the greater or lesser offense, and the trial court had discretion to impose a sentence commensurate with what it determined on the facts to be the defendants' culpability.[15] (*Id.* at pp. 5–9.)

---

[15] The Legislature has since amended section 654 to require that the punishment for the greater offense is imposed, and any sentences for lesser offenses are stayed.

Addressing Justice Arabian's opinion, Justice Mosk stated: "The concurring and dissenting opinion agrees with our conclusion that the trial court acted within its discretion in this case in staying the punishment for kidnapping for robbery. It does so, however, *only* because the trial court imposed a greater overall sentence than that which *might have* been imposed for the latter crime—punishable by life imprisonment with the possibility of parole—which in Norrell's case *might have* resulted in probation, i.e., no prison term at all, and in Lau's case, because he was ineligible for parole, *could have* resulted in a prison sentence shorter than ten years, eight months, *if he were paroled* after the minimum period of confinement of seven years (see Pen. Code, § 3046). The approach is unduly formalistic: as the People pointed out at oral argument, the mere fact that defendants requested, and the People opposed, a stay of the sentence for kidnapping for robbery—and that defendants waived their right to appeal imposition of the sentence for robbery—demonstrates that life imprisonment with possibility of parole was, in any real sense, the *greater*, not the lesser, punishment." (*Norrell, supra*, 13 Cal.4th at pp. 9–10.)

*Norrell* was not directly concerned with determining whether a determinate or indeterminate term is greater; rather, the central issue was the correct interpretation of section 654. The comment in Justice Mosk's opinion that "life imprisonment with possibility of parole was, in any real sense, the *greater* not lesser, punishment" (*Norrell, supra,* 13

21

Cal.4th at p. 10), was based upon the specific facts of the sentencing possibilities before the trial court, and the parties' assessment of those possibilities. Justice Mosk's statement in *Norrell* does not support the broad rule that life with the possibility of parole is always more severe than a determinate term of years, nor does the opinion stand for the proposition that terms of parole eligibility are wholly irrelevant to comparing the severity of two different sentences.

The People emphasize the careful analysis conducted by the trial court in arriving at the determinate sentence on remand: the trial court considered the appropriate factors in aggravation, evaluated Hayes's prior, violent criminal history, and exercised its discretion to strike three prior strike convictions and to run portions of the sentence concurrently instead of consecutively. We agree that the trial court exercised great care to implement faithfully the statutory mandates that govern sentencing. The rule in *Henderson*, *supra*, 60 Cal.2nd 482, however, is one of constitutional dimension, and compliance with the Penal Code provisions that govern sentencing alone does not satisfy the constitutional prohibition against imposing a more severe sentence following a successful appeal on the ground that the evidence was insufficient to support the conviction. Following his trial and original sentencing, Hayes appealed the count of conviction that subjected him to life with a minimum parole eligibility date of 14 years plus a determinate term of 30 years 4 months, and prevailed in

showing that the evidence was insufficient to support the alleged kidnapping for the purposes of robbery.  For his efforts to result in replacing an overall sentence that had afforded him a meaningful opportunity for release within his lifetime with a de facto sentence of life without a realistic possibility of parole unquestionably penalized Hayes for having exercised his right to appeal.  (*Hanson, supra*, 23 Cal.4th at p. 365; *Henderson, supra*, 60 Cal.2d at p. 497.)  Accordingly, we vacate Hayes's sentence and remand the matter to the trial court for resentencing.

## DISPOSITION

We vacate Hayes's sentence and remand the matter to the trial court for resentencing consistent with the principles expressed herein. The new sentence imposed must not be the functional equivalent of life without the possibility of parole, and the trial court has significant latitude in fashioning such a sentence—whether by reducing the aggregate term of years comprising a determinate sentence or otherwise ensuring meaningful parole eligibility.


MOOR, J.

We concur:



RUBIN, P. J.



BAKER, J.

24